```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROBERT NOVAK,                                    :
d/b/a/ PETSWAREHOUSE.COM, pro se,                :
                                                 :
                                    Plaintiff,   :     **MEMORANDUM & ORDER**
                                                 :
            -against-                            :     01 - CV - 3566(DLI)(WDW)
                                                 :
ACTIVE WINDOW PRODUCTIONS, INC.,                 :
MARK ROSENSTEIN, CYNTHIA S. POWERS,              :
DAN RESLER, JARED WEINBERGER, THOMAS             :
BARR, JOHN DOE, and MARY ROE,                    :
                                                 :
                                   Defendants.   :
-------------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Defendants, Active Window Production, Inc. and its sole shareholder, Mark Rosenstein, bring the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a) for failure to join a necessary party and Fed. R. Civ. P. 17(a) for failure to prosecute this action in the name of the real parties in interest. Because plaintiff is a *pro se* litigant, the Court, in deciding this motion, has construed plaintiff's papers broadly, interpreting them to raise the strongest arguments suggested. *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002). For the following reasons, defendants' motion is denied

**I.     Background**

Defendant Mark Rosenstein ("Rosenstein"), a computer programmer who designs web pages, is the sole shareholder of Defendant Active Window Productions, Inc. ("Active Window") (Defs.' Mem. of Law ("MOL") at 1.) Active Window hosts a website devoted to tropical fish hobbyists. (*Id*.) The website contains a message board where visitors can post their comments. (*Id*.) Rosenstein did not exercise editorial control over the postings. (*Id*.)

Plaintiff Robert Novak, an entrepreneur, owns an internet business that sells aquarium supplies through the website www.petswarehouse.com. (Pl.'s Compl. At ¶ 4; Pl.'s Opp'n at 1,[1] Ex. I.) He also owns the registered trademark, PETS WAREHOUSE ("the Trademark"), which is registered with the U.S. Patent and Trademark Office ("USPTO"). (Pl.'s Opp'n at 1, Ex. A.) The Trademark was first used in commerce on December 4, 1974 and registered with the USPTO on July 30, 2002. (*Id.*)

Between 1993 and 1999, plaintiff licensed the use of the Trademark to various corporate entities, including PetsWarehouse.com, Inc. from March 1, 1999 to July 1, 2001, Pets Source, Ltd. from September 30, 1993 to September 1, 2003, Pet Net. Inc. from January 5, 1999 to February 1, 2005, and PetsWarehouse, Inc. from March 30, 1995 to February 1, 2005. (Pl.'s Opp'n Ex. H; Pl.'s Supp.[2] Ex. D.) Each license agreement is virtually identical only varying in duration and the effective dates of the licenses. (*Id.*) Pursuant to the licensing agreements, plaintiff is the "owner of the trademark used for pet products and of all goods [sic] will associated with it." (*Id.*) The licensing agreements also prohibit the licensees from "directly or indirectly, licens[ing] to any other person or firm to use the [T]rademark." (*Id.*)

In May 2001, plaintiff filed this diversity action against Active Window, Mark Rosenstein, Cynthia S. Powers, Dan Resler, Jared Weinberger, Thomas Barr, John Doe, and Mary Roe alleging four causes of actions,[3] including defamation, false light, invasion of privacy, intentional infliction

---

[1] This refers to plaintiff's document entitled "Motion, Memorandum, and Sworn Declarations in Opposition."

[2] Citations to "Pl.'s Supp." refer to plaintiff's supplemental submission, dated November 20, 2006, in further support of plaintiff's opposition.

[3] The causes of action alleged in plaintiff's complaint are muddled and often contain several subparts. The Court has construed the complaint broadly.

of emotional distress, and harassment. Plaintiff has settled this action as to Cynthia Powers, Dan Resler, Jared Weinberger, Thomas Barr, John Doe and Mary Doe. Mark Rosenstein and Active Window are the only remaining parties to this action. First, plaintiff alleges that, in or around May 2001, the Defendants "posted," published," and "circulated" "false, factually and knowingly false and defamatory" "statements and/or messages"[4] concerning plaintiff's business and the Trademark. (Pl.'s Compl. at ¶¶ 30-43.) Second, plaintiff alleges that, in posting such statements and/or messages, Active Window "placed plaintiff . . . and the company that bears the mark Pets Warehouse in a false light in the public eye and constitutes an invasion of privacy." (*Id.* at ¶ 35.) Third, plaintiff alleges that he suffered "severe emotional distress, including but not limited to headaches, nausea, nervousness, anxiety, embarrassment, humiliation and mental distress" "as a

---

[4] For example, defendant Dan Resler allegedly posted a message that read, "[t]hinking of buying plants from Pet Warehouse? Don't. What is crappy is their service! And they're maybe even a bit dishonest." Thereafter, in excess of thirty (30) individuals allegedly posted messages or comments concerning Pet Warehouse's business, including:

> [a]s a source for purchasing plants, they do not have a good reputation (Defendant Jared Weinberger - May 21, 2001)

> But you don't have to take my word as the last word on their horrible service. Feeling lucky? Go ahead - try them out yourselves. After all, it's only your time and money, right? (Defendant Dan Resler - May 18, 2001)

> They claim to fill 90% of the orders. Well I can tell everyone it's more like 20%. Or less. If at all. (Defendant Thomas Barr - May 17, 2001)

> G[E]iven [sic] the continual flow of negative comments about PetSwarehouse that I've read for nearly two years on this list, I've decided to add a warning (and figure this is better than simply removing them. (Defendant Weinberger - May 18, 2001)

> Remember petSWEARhouse, buy their plants and you'll be swearing! (May 22, 2001)

> I believe they call that deceptive advertising. Or bait-and-switch. Take your pick. (Defendant Sean Carney - May 16, 2001)

Complaint at ¶ 31.

direct and proximate result of the acts and omissions of defendants." (Def.'s Ex. A at ¶ 44-46.)

On April 26, 2004, defendants brought the instant motion to dismiss the complaint on two grounds: (1) that various corporate entities are necessary and indispensable parties pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a), and (2) that plaintiff is not the real party in interest to this action pursuant to Fed. R. Civ. P. 17(a).

**II.      Discussion**

Defendants contend that plaintiff is not the real party in interest to this action. Defendants further contend that the following entities are necessary parties and real parties in interest and must be joined in the instant action: PetsWarehouse.com, Inc.; Pets Warehouse, Inc.; and Pet Net, Inc. The Court finds that plaintiff is a real party in interest and that PetsWarehouse.com, Inc.; Pets Warehouse, Inc.; and Pet Net, Inc. need not be joined at this time.

    **A.      Plaintiff is a Real Party In Interest - Fed. R. Civ. P. 17(a)**

Fed. R. Civ. P. 17(a) states that "every action shall be prosecuted in the name of the real party of interest." Fed. R. Civ. P. 17(a). "The rule embodies the concept that every action must be brought by the party, who, under the governing substantive law is entitled to enforce the right at issue." *Energy Transp., Ltd. v. M.V. San Sebastian*, 348 F. Supp. 2d, 186, 196 (S.D.N.Y. 2004). The purpose of the rule "'is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'" *Id*. (quoting Fed. R. Civ. P. 17 advisory committee's notes to the 1966 amendment.) "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Gruber v. Victor*, No. 95 Civ. 2285, 1996 WL 492991, at * 13 (S.D.N.Y. Aug. 28, 1996).

Defendants argue that plaintiff is not the real party in interest because plaintiff cannot

establish that the alleged defamatory statements were directed at plaintiff, individually. Defendants further contend that plaintiff cannot in good faith present the USPTO Certification as evidence of his ownership interest because (1) plaintiff did not own the trademark "Pets Warehouse" at the time of the alleged tortious conduct; (2) plaintiff testified during his deposition that he licensed the rights to operate under the Pets Warehouse business name to various other closely held corporations owned and controlled by plaintiff's nuclear family; and (3) even if plaintiff owned the Trademark individually, his rights in the mark should have been extinguished in his personal bankruptcy.

Although convoluted and difficult to understand, interpreting *pro se* plaintiff's opposition broadly, *see Weixel*, 287 F.3d at 146, plaintiff argues that he is the true party in interest in this defamation action because he is the sole owner of the registered Trademark, PETS WAREHOUSE. This Court agrees that plaintiff is the real party in interest. "[I]n the context of an action under a statute that merely provides a federal forum or remedy, the court, as it does in diversity actions, will look to state law to determine if the party actually possesses a substantive claim for relief and is the real party in interest." *Gruber*, 1996 WL 492991, at * 13 (citing 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1533 at 344-45 (1990)). To establisH a claim for defamation under New York law, plaintiff must prove (1) that defendant made a false and (2) defamatory (3) statement of fact (4) of and concerning plaintiff (5) with the required degree of fault and (6) special damages or *per se* liability. *See Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 176 (2d Cir.2000).

Here, plaintiff brings this action as Robert Novak d/b/a/ Petswarehouse.com and is a real party in interest to this action. Not only is the allegedly defamed Trademark, PETS WAREHOUSE, registered to and owned by plaintiff, plaintiff uses the Trademark name in his on-line business, Petswarehouse.com. Thus, plaintiff has a substantive right to seek recovery for any alleged

defamation to his Trademark and business.

In addition, although defendants contend that plaintiff did not own the Trademark at issue because his rights were extinguished in his personal bankruptcy, defendants have failed to submit one iota of evidence in support of this contention. Defendants, as the movants, bear the burden to establish that plaintiff is not the real party in interest and defendants have failed to do so. Accordingly, defendants' motion is denied in this respect.

**B.     Joinder of Involuntary Plaintiff - Fed. R. Civ. P 12(b)(7) and Fed. R. Civ. P. 19**

Defendants allege that PetsWarehouse.com, Inc.; Pets Source, Ltd.; Pet Net. Inc.; and PetsWarehouse, Inc. are the real parties in interest and necessary to this action. Defendants argue that "[i]n the absence of [the above entities], there can be no assurance that any final judgment rendered in this action would be of any real legal consequence." Defs.' MOL at 9. The defendants seek to compel the joinder of PetsWarehouse.com, Inc.; Pets Source, Ltd.; Pet Net. Inc.; and PetsWarehouse, Inc. as plaintiffs, or alternatively dismiss the complaint.

Typically, a motion to join a necessary party is made by a defendant seeking to compel the joinder of a party as another defendant. However, a defendant may seek to join a party as a plaintiff or an involuntary plaintiff. The drafters of Rule 19(a) did not indicate what the proper procedure is to join an involuntary plaintiff. The Advisory Committee Notes points to *Indep. Wireless v. Radio Corp. of Am.*, 269 U.S. 459 (1926) as an example of "a proper case for involuntary plaintiff." In *Independent Wireless*, the Supreme Court indicated that if a party is subject to the Court's jurisdiction, the party should be served as a defendant. If the party is not amenable to service, the plaintiff must ask the party to join voluntarily as a plaintiff. If the party refuses to join the action, then the Court may order the party to be joined as an involuntary plaintiff, and the Court may later realign the parties, as necessary. *See Cilco, Inc. v. Copeland Intralenses, Inc.*, 614 F. Supp. 431, 433

(S.D.N.Y. 1985) (citing *Caprio v. Wilson*, 513 F.2d 837 (9th Cir. 1975); *Sheldon v. West Bend Equip. Corp.*, 718 F.2d 603, 606-07 (3d Cir. 1983)); *see also Names for Dames v. Gimbel*, No. 88 Civ. 3692, 1989 WL 82417, at *2 (S.D.N.Y. July 19, 1989).

"A person may be joined as an involuntary plaintiff only where he or she has an obligation to participate in the suit." *See Cilco,*, 614 F.Supp. at 433. The obligation has been found to arise in two types of cases: (1) where an owner grants an exclusive license to a licensee and permits the licensee to sue in his name, and (2) or where an obligation arises by contract among co-owners. *See id.* at 433-34; *Kronos, Inc. v. Avx Corp.*, No. CIV-91-386C, 1992 WL 300812, at *3 (W.D.N.Y. Mar. 12, 1992); *Names for Dames*, 1989 WL 82417, at * 2. In the first instance, the owner holds title to the trademark in trusts for the benefit of the licensee and must permit the licensee to sue in its name. In the second instance, each party has an undivided interest in the trademark.

Here, neither of these circumstances exist. Plaintiff did not grant exclusive licenses to PetsWarehouse.com, Inc., Pets Source, Ltd., Pet Net. Inc., or PetsWarehouse, Inc. Pursuant to the licensing agreement, plaintiff maintained exclusive ownership of the Trademark and licensed the use of the Trademark to the above-referenced licensees. *See* Pl.'s Opp'n Ex. H; Pl.'s Supp. Ex. D. In fact, the licenses specifically prohibit the licensees to "directly, or indirectly, license to any other person or firm the use of the trademark."[5] *See id.* The licenses also do not permit the licensees to sue in the name of the owner. *See Cilco*, 614 F.Supp. at 433-34; *Kronos,* 1992 WL 300812, at *3; *Names for Dames*, 1989 WL 82417, at * 2. Moreover, plaintiff and the various licensees do not

---

[5] Defendants cite to *Gould v. Control Lawer Corp.*, 462 F. Supp 685, 687 (D.C. Fla. 1978) in support of their contention that they would not receive assurance of any final judgment rendered on this matter if the above licensees are not joined. However, in *Gould*, the licensing agreement conferred upon the involuntary plaintiff "unconstrained control" over the patent at issue. *Id.* at 686. Moreover, the Gould licensing agreement, was unlimited in scope, duration and geography. *Id.* at 687. This is not the case here.

share an undivided ownership interest in the Trademark. Thus, defendants' claims are unavailing.

Accordingly, defendants' motion to join PetsWarehouse.com, Inc.; Pets Warehouse, Inc.; and Pet Net, Inc. as plaintiffs is denied.

SO ORDERED.

DATED:  Brooklyn, New York
     March 7, 2007

              _____/s/_____
              DORA L. IRIZARRY
             United States District Judge