```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ROBERT NOVAK,                                          :
d/b/a/ PETSWAREHOUSE.COM, pro se,                      :
                                                       :
                              Plaintiff,               :     SUMMARY ORDER
                                                       :     01-CV-3566(DLI)(WDW)
              -against-                                :
                                                       :
ACTIVE WINDOW PRODUCTIONS, INC.,                       :
MARK ROSENSTEIN, and ROBERT HUDSON,                    :
d/b/a AQUABOTANIC.COM                                  :
                              Defendants.              :
----------------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Robert Novak ("Plaintiff"), *pro se*, filed this action alleging claims of defamation, false light, invasion of privacy, intentional infliction of emotional distress, and harassment arising out of comments posted on a message board by various individuals regarding Plaintiff's website, www.petswarehouse.com. After reaching settlements with certain defendants, Plaintiff filed an amended complaint on July 30, 2007, against defendants Active Window Productions, Inc., Mark Rosenstein, and Robert Hudson d/b/a Aquabotanic.com (collectively, "Defendants"). Defendants failed to timely answer the complaint and shortly thereafter, Plaintiff filed the instant motion, seeking default judgment against Defendants. Defendants filed an answer on September 10, 2007, and opposition to Plaintiff's motion for default judgment on September 12, 2007. For the reasons set forth more fully below, Plaintiff's motion is denied.

## DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure ("Rule 55"), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Rule 55(a). After the entry of default, the defendant may move to

set aside the entry of default for "good cause," pursuant to Rule 55(c). *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting that good cause "should be construed generously"). When there is no entry of default and the defendant opposes the motion for default, as in the instant action, the court must apply the "good cause" standards for relief. *See Mieczkowski v. Astrue*, No. 07-CV-0141 (JFB)(SMG), 2008 WL 899344, *6 (E.D.N.Y. Mar. 31, 2008) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

To determine whether to relieve a party of default, courts consider (i) "whether the default was willful," (ii) "whether setting it aside would prejudice the adversary," and (iii) "whether a meritorious defense is presented." *See, e.g.*, *Meehan*, 652 F.2d at 276. Courts consider additional equitable factors including "whether failure to appear was a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result." *See Mieczkowski*, 2008 WL 899344, at *6 (internal quotation marks omitted). The Second Circuit has noted that "default judgments are generally disfavored and are reserved for rare occasions." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (internal quotation marks omitted).

Defendants' failure to timely answer the amended complaint was neither willful nor done in bad faith. The court granted Plaintiff's motion to amend the complaint on July 30, 2007, *see* July 30, 2007 ECF Order, and deemed the proposed amended complaint filed as of July 30, 2007. Defense counsel admits receiving the July 30, 2007 ECF Order; however, defense counsel notes that, at that time, there was no docket entry for the amended complaint, plaintiff did not serve the amended complaint, and there is no certificate of service for the amended complaint. *See* Kouril Aff. at ¶ 12. Defense counsel asserts that the clerk docketed the amended complaint on September 10, 2007, upon their request. *See* Kouril Aff. at ¶ 13.

Counsel are expected to adhere to deadlines. At the very least, the July 30, 2007 ECF Order placed counsel on notice of Plaintiff's imminent amended complaint. Based on the submissions to the court, Defendants neglected to inquire about the amended complaint; however, Defendants' failure was neither willful nor in bad faith. Moreover, upon learning of the amended complaint and the instant motion, Defendants acted expeditiously. Defendants' answer raises potentially viable defenses. Further, it merits noting that, previously, Defendants actively participated in this case. For these reasons, and due to any confusion that may have resulted from the delayed docketing of the amended complaint, the court declines to grant Plaintiff's default judgment. There is a preference for resolving disputes on their merits. This case is not one of the "rare occasions" for which default is warranted. Plaintiff has not suffered prejudice from an answer served no more than 20 days late.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment against Defendants is denied.

SO ORDERED.

DATED: Brooklyn, New York
June 18, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge