# Defendant's Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT NOVAK d/b/a PETS
WAREHOUSE.COM,

                Plaintiff,          **ORDER**
                            CV 01-3566 (DRH) (WDW)
    -against-

ACTIVE WINDOW PRODUCTIONS, et al.,

                Defendants.
-----------------------------------------------------------X
**WALL, Magistrate Judge:**

    Before the court is a letter motion by the defendants to compel the plaintiff to respond to their First Request for Production of Documents and for sanctions. On July 2, 2002, the parties appeared for a conference, at which time the defendants raised the question of whether Mr. Novak, as an individual, is the appropriate plaintiff in this action, or whether it must be prosecuted by the corporate entity involved. To help resolve the issue, the court ordered expedited discovery as to the plaintiff's corporate identity. In response, the defendants served the plaintiff with their First Request for Production of Documents seeking, among other things, business certificates for Mr. Novak's entities, tax returns, corporate records, lawsuit information, and a licensing agreement. The plaintiff objected to several of the requests and opposes the motion to compel.

    The court has reviewed the plaintiff's responses, as well as his objections to the requests, and finds that the responses are inadequate. The court agrees with the defendants that the business certificates, corporate records and licensing agreements are relevant to the issue regarding the true party in interest. Accordingly, the defendants' motion to compel is granted to the extent it seeks such documents. The plaintiff shall provide the defendants with any documents in his possession responsive to these requests on or before **September 11, 2002.**

    The defendants' motion is denied to the extent it seeks to compel tax returns or lawsuit information, without prejudice to renewal at the September 20, 2002 conference. It is not entirely clear to the court whether the tax returns are only relevant to the proposed second amended complaint and the companion case, or if the lawsuit information is relevant to the pleading in effect at this time. The defendants' motion for sanctions is also denied.

Dated: Central Islip, New York        **SO ORDERED:**
      August 28, 2002

                              WILLIAM D. WALL
                              United States Magistrate Judge

DEFT EXIBIT A

# Defendant's Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ROBERT NOVAK d/b/a PetsWarehouse.com,                    Notice of Motion
                                                        and Motion
                    Plaintiff

        -against-                                        CV 01 3566

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA S. POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                    Defendants

------------------------------------------------------------X

        PLEASE TAKE NOTICE, that upon the Summons and Complaint, the

Amended Complaint, the Memorandum of Law submitted herewith, the affirmation of

Robert L. Folks dated October 24, 2002, the affirmation of Cynthia A. Kouril dated

October 24, 2002 and the exhibits attached thereto, and upon all of the other papers,

proceedings and prior Orders heretofore had in this action, Defendants ACTIVE

WINDOW PRODUCTIONS, INC. and MARK ROSENSTEIN, by and through its

undersigned counsel, will move this Court before the Honorable William D. Wall

Magistrate Judge at the United States Courthouse, 100 Federal Plaza, Central Islip, New

York 11722, on November 1, 2002 at 2:00 o'clock in the forenoon of that day or as soon

thereafter as it can be heard, to compel production of documents and responses to

deposition questions or alternatively and for an Order pursuant to Rule 26(d) of the

Federal Rules of Civil Procedure determining that the facts in issue in the court ordered

expedited discovery process and for sanctions pursuant to Rule 37 of the Federal Rules of

Civil Procedure.

DEFT EXHIBIT B-Supporting Documents Omitted

PLEASE TAKE FURTHER NOTICE, pursuant to Rule 6(d) and (e) opposing affidavit(s) may be served not later than one day prior to the hearing date of this motion or not less than four days prior if served by mail.

PLEASE TAKE FURTHER NOTICE, pursuant to Rule 5(b)(2)(B) that this firm does not consent to service of process by electronic means.

Dated: October 24, 2002
      Melville, New York

CYNTHIA A. KOURIL (4899)
ROBERT L. FOLKS & ASSOCIATES,LLP
Attorney for Defendants Active Window
Productions, Inc. and Mark Rosenstein
510 Broad Hollow Road, Suite 305
Melville, New York 11747
(631) 845-1900
fax # (631) 845-8779

TO:

Robert Novak
Plaintiff Pro Se
1550 Sunrise Highway
Copiague, New York 11726

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ROBERT NOVAK d/b/a PetsWarehouse.com,
                            Plaintiff,

     -against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA S. POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                         Defendants
-------------------------------------------------------X

Motion to
Compel Discovery

CV 01 3566

Defendants ACTIVE WINDOW PRODUCTIONS, INC. and MARK

ROSENSTEIN, (hereinafter "AWP" and "Rosenstein" or collectively "moving

defendants") upon the annexed affirmations of Cynthia A. Kouril, Esq., and exhibits, the

affirmation of Robert L. Folks, Esq., the memorandum of law, the pleadings and all prior

papers, proceedings and orders heretofore had in the above captioned action, hereby

moves this court as follows:

             1.     For an order compelling the production of documents, including

tax returns as specified in moving defendants' First Request for Production of

Documents.

             2.     For an order compelling the answers and/or responsive answers to

questions posed at plaintiff's deposition conducted September 18, 2002.

             3.     For an order imposing sanctions pursuant to Rule 37 (a)(3), (b) and

(c) of the Federal Rules of Civil Procedure requiring plaintiff to pay to moving

defendants reasonable attorneys' fees incurred as a result of failure to disclose including

DEFT EXHIBIT B-Supporting Documents Omitted

evasive and incomplete disclosure, in accordance with the schedule of fees and
disbursements contained in the Affirmation of Robert L. Folks annexed hereto.

    4. Additionally or alternatively an order pursuant to Rule 37
(b)(2)(A) that the matter regarding this Court's prior orders of July 2, 2002 and August
28, 2002, *to wit*, "whether Mr. Novak, as an individual, is the appropriate plaintiff in this
action, or whether it must be prosecuted by the corporate entity involved", be
conclusively established for the purposes of the action in accordance with the claim of the
moving defendants, that Mr. Novak is not the true party in interest.

    5. Additionally or alternatively an order pursuant to Rule 37 (b)(2)(c)
striking the plaintiff's pleadings.

    6. Additionally or alternatively an order pursuant to Rule 37 (b)(2)(b)
refusing to allow plaintiff to oppose moving defendants claim that one or more corporate
entities rather than Robert Novak, are the true plaintiff(s) in interest.

    7. Such other and further relief as this court may deem just and
proper.

Dated: October 24, 2002
    Melville, New York

                        
CYNTHIA A. KOURIL (4899)
ROBERT L. FOLKS & ASSOCIATES,LLP
Attorney for Defendants Active Window
Productions, Inc. and Mark Rosenstein
510 Broad Hollow Road, Suite 305
Melville, New York 11747
(631) 845-1900
fax # (631) 845-8779

DEFT EXHIBIT B-Supporting Documents Omitted

# Defendant's

# Exhibit

# C

BEFORE: WILLIAM D. WALL

DATE: __12/5/02__

UNITED STATES MAGISTRATE JUDGE

TIME: __10 a.m.__

DOCKET NO. __CV 01-3566__                        ASSIGNED JUDGE: __Hurley__

CASE NAME: __Novak v. Active Window Productions__

## CIVIL CONFERENCE

Initial _____ Status _____ Settlement _____ Pretrial _____

Other __Motion__

APPEARANCES:   Plaintiff      __Robert Novak__

                        Defendant    __Cynthia Kouril__

SCHEDULING:

1.    The next _____ conference will be held on _____

THE FOLLOWING RULINGS WERE MADE:

Pending before the court are three motions. Rulings were made on the record and can be found in the transcript of today's proceedings. In summary, the motions were disposed of as follows:

1)    Plaintiff's motion for a protective or confidentiality order dated September 19, 2002, and defendants' opposition dated October 18, 2002: the motion for a protective/ confidentiality order was granted. Defendants were directed to prepare an order and circulate it to plaintiff.

2)    Defendants' motion to compel dated October 24, 2002, and plaintiff's opposition dated November 25, 2002: the motion to compel was also granted, subject to production under the terms of the confidentiality order.

3)    Plaintiff's cross-motion for declaratory judgment dated November 12, 2002, and defendants' opposition dated November 13, 2002: this motion was withdrawn without prejudice to renewal before Judge Hurley at the conclusion of discovery.

Finally, a referee will be appointed to preside over the continued deposition of plaintiff. A separate order will issue when the referee has been appointed.

SO ORDERED

*William D Wall*

# Defendant's

# Exhibit

# D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
----------------------------X Docket#
ROBERT NOVAK,                : 01-CV-3566
d/b/a Pets Warehouse.com,    :
            Plaintiff,       :
                             :
    - versus -               : U.S. Courthouse
                             : Central Islip, New York
ACTIVE WINDOW, et al.,       :
            Defendant        : December 5, 2002
----------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE WILLIAM D. WALL
UNITED STATES MAGISTRATE JUDGE

A  P  P  E  A  R  A  N  C  E  S:


For the Plaintiff:          **Robert Novak, Pro Se**
                            1550 Sunrise Highway
                            Copiague, New York 11726


For the Defendant:          **Cynthia Kouril, Esq.**
                            Robert L. Folks & Associates
                            510 Broad Hollow Road
                            Melville, New York 11747


Official Transcriber:       **Rosalie Lombardi**


Transcription Service:      **Transcription Plus II**
                            823 Whittier Avenue
                            New Hyde Park, N.Y.  11040
                            (516) 358-7352


Typist:     **Linda Ferrara**


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

**Proceedings**                                    2

1          THE CLERK:  01-CV-3566, <u>Novak v.</u>

2     <u>Active Window</u>.

3          Can I ask you to please state your

4     appearances?

5          MS. KOURIL:  Cynthia Kouril for

6     defendant Mark Rosenstein and Active Window

7     Publications.

8          MR. NOVAK:  Robert Novak, plaintiff.

9          THE COURT:  Good morning, folks.

10         MR. NOVAK:  Good morning.

11         THE COURT:  Please speak directly into

12    the microphones because we're trying to get a

13    good recording of this, in case we need the

14    transcript as we go forward.

15         We've scheduled and rescheduled the

16    status conference and in the interim have

17    several motions that have been filed.

18         And I just want to note preliminarily

19    that I am extremely disturbed by both sides in

20    this case and the conduct of this litigation.

21         This clearly represents the very worst

22    of what can happen in the course of litigation

23    and should not happen in this court.  I think

24    your conduct, Mr. Novak at the deposition and

25    in connection with some of these motions is

Transcription Plus II          Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                    3

1   absolutely ridiculous.  And counsel, your

2   motion to a great extent is incomprehensible.

3   I mean, I -- to give me transcript references

4   to 50 pages of transcript, which one is just

5   like the other, does absolutely no good to me,

6   not to delineate exhibits with Exhibit tabs

7   -- I'm fumbling through this stuff.

8           I'm trying to resolve these motions to

9   help you do your litigation and all you are

10  doing is making it more difficult for me.  So,

11  enough --

12          MS. KOURIL:  I apologize, your Honor.

13          THE COURT:  Enough is enough.

14          I'm going to deal with these seriatim.

15  The earlier motion is the defendant's motion

16  to compel, I think, the production of certain

17  documents and answers to depositions.

18          Is that correct, Ms. Kouril?

19          MS. KOURIL:  Yes, sir.

20          THE COURT:  Okay.

21          Having gone through the motion and

22  having my clerk spend a great deal of time

23  going through the motion, we can't figure out

24  what it is that you want.  So, maybe you could

25  shed some light on that.

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                    4

1          MS. KOURIL: I'll try to. We believe

2     -- we have a good faith belief based upon our

3     own intent -- independent attempts at

4     investigation through publicly available means

5     that in point of fact Mr. Novak has engaged in

6     a process whereby he incorporates various

7     corporations, uses these various corporate

8     names, uses his individual names, uses the

9     names of family members, uses information

10    relating to these family members, in an

11    attempt to manipulate the Court system to

12    prevent defenses that would otherwise be

13    available to us and to mislead the Court and

14    the public about the true nature of the

15    ownership; who are the parties in interest?

16          And that he has done that not only in

17    this case but in other cases and that he has

18    evidently embarked upon a program of frivolous

19    litigations. I found -- I think there was 17

20    litigations in Suffolk County alone.

21          THE COURT: Well, that's a great

22    speech but what does that have to do with my

23    question, which is what is --

24          MS. KOURIL: Well --

25          THE COURT: I ordered expedited

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                                5

1    discovery in this case for the very simple,

2    which I thought was simple and straightforward

3    proposition as to whether or not Mr. Novak was

4    the proper party plaintiff in this case.

5              MS. KOURIL:   Precisely.

6              THE COURT:   It was limited to that

7    purpose.  We now have three motions based on

8    that one simply ruling just to provide for

9    expedited discovery.

10             MS. KOURIL:   Right.

11             And you may recall that in an earlier

12   motion to compel discovery, I had asked for,

13   among other things, tax returns.  The reason

14   being if you want to know who the party in

15   interest is, you follow the money.

16             At that time, you denied the portion

17   relating to the tax returns with leave to

18   renew.  And part of it is that I want to trace

19   the money.  And in order to trace the money, I

20   need tax returns, I need corporate records and

21   we didn't ask for records from the

22   corporation.  We asked for records that

23   Mr. Novak possessed, as opposed to the

24   corporation's own records because Mr. Novak

25   tells us that these are closely held family

Transcription Plus II          Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                6

1   companies that pay him money in cash.  So,

2   there's no record for me to trace other than

3   in the tax returns.

4          I would like identifying information.

5   I can't trace transactions without accurate

6   identifying information and the information in

7   the bankruptcy court, the information that is

8   available from other public sources is

9   conflicting.  I am not even sure I have the

10  right date of birth for him.

11         THE COURT:  You what?

12         MS. KOURIL:  I'm not even sure I have

13  the right date of birth.  I don't -- as I say,

14  I find him with several different social

15  security numbers, different names.  I can't

16  trace this man without information.

17         THE COURT:  So, let me try it for a

18  third time then, what is it that you want?

19         MS. KOURIL:  Tax returns, date of

20  birth, aliases, social security number.

21         THE COURT:  Why are you entitled to

22  his social security number?

23         MS. KOURIL:  Because I can't trace

24  these transactions and these other litigations

25  without information that conclusively

Transcription Plus II       Rosalie Lombardi

DEFT EXHIBIT D

Proceedings                          7

1    establishes that I am talking about the right

2    person.

3           Or alternatively, that he can't offer

4    those things at trial or to the summary

5    judgment motion.  He can either not offer it

6    at all or tell me now because I can argue off

7    of what I have if I know that I am not going

8    to be surprised later when he decides to put

9    the information in.

10          THE COURT:  Mr. Novak?

11          MR. NOVAK:  The information regarding

12   the date of birth was withheld because of the

13   notoriety --

14          THE COURT:  I don't care about the

15   notoriety.  You started the lawsuit.  When you

16   start the lawsuit and you're seeking damages

17   in millions of dollars from a number of

18   defendants, okay, you put a lot of things in

19   play.  You put your identification in play,

20   you put your corporate entities in play, you

21   put that type of information in play and you

22   have a very simple choice when you start a

23   lawsuit.  If you don't want to do that, don't

24   start the lawsuit.

25          MR. NOVAK:  I had no reservation in

Transcription Plus II          Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                    8.

1    doing it, your Honor.   The reservation I had,

2    if you recall, as I asked, prior to the

3    examination for a confidentiality agreement

4    which was declined initially.

5            At the end of that hearing on the last

6    page of that transcript he said, "Yes, I'll

7    give it to you.   Then he turns around he

8    doesn't give it to me; okay?

9            If I had the confidentiality agreement

10   between us, they would have received 99

11   percent of what they wanted, more than likely.

12   I have no reservation in bringing forward

13   documents or bringing forward documents for

14   the Court's eyes only.

15           But I am the Robert Novak that owns

16   the trademark.   I am the Robert Novak.   There

17   is only one.   The investigative report that

18   Ms. Kouril did was from an investigator that

19   was only licensed seven months in the state of

20   New York.   So, he did an inadequate job in the

21   information that he got was really wrong.

22           Second of all, they extended that

23   investigative report to my wife and son, which

24   was totally uncalled for.   They have nothing

25   to do with this case.

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

Proceedings                    9

1        THE COURT:   I mean those are -- that's

2   basically both a motion to compel, as well as

3   the cross-motion for the protective order or

4   for a confidentiality agreement and I'm going

5   to resolve both in the following manner.

6        I am going to grant the plaintiff's

7   application for a protective order or a

8   confidentiality agreement and provide that he

9   make the information available, requested by

10   the defendant pursuant to that confidentiality

11   agreement in a continued deposition and the

12   production of documents.

13        And I am going to appoint a referee

14   who is going to conduct the deposition -- not

15   conduct, who is going to preside at the

16   deposition with my full authority to make

17   rulings on this issue.

18        And the cost of that referee will be

19   born by either both the parties or one of the

20   parties after the conclusion of the

21   deposition, which I will then determine.

22        But this is going to stop.  I am not

23   going to engage in 15 and 20 motions over

24   every ridiculous piece of either information

25   or state of the litigation, which could be

Transcription Plus II        Rosalie Lombardi

**Proceedings**                                10

1  resolved in a much simpler way. It's just not

2  going to happen and I'm not going to permit

3  it.

4          So, since you can't do it yourselves,

5  I am going to have a special referee do it and

6  it's going to be costly and it's going to cost

7  you money. But if that's what you want to do,

8  that's what we're going to do.

9          Lastly, we've got a motion -- and I'll

10  issue an order to that effect. I'm not going

11  to give it to you now.

12          I don't know what this is and I'm not

13  being cute with you, Mr. Novak. I realize

14  you're proceeding pro se, although you

15  certainly do seem to have a degree of

16  sophistication that exceeds that of our normal

17  pro se litigant.

18          But as a cross motion for declaratory

19  judgment and that's made in connection with

20  the motion that the defendants made to compel.

21  Is that right?

22          MR. NOVAK: Yes, your Honor. I was

23  attempting to close the issue of the discovery

24  and close the issue of this entire three or

25  four months that we've been going back and

**Proceedings**                                    11

1    forth over the straw man, the straw tax return

2    that's not going to show them anything.  That

3    tax return cannot indicate anything.  I mean,

4    I --

5         THE COURT:  I think you're probably

6    right.

7         MR. NOVAK:  I mean it's just that as

8    you had originally said in the beginning of

9    the hearing, this was supposed to be

10   expedited.  I anticipated an examination of 30

11   minutes.  I didn't anticipate five hours,

12   okay?  And I don't think the Court did either.

13        THE COURT:  I did.

14        MR. NOVAK:  And I think this is a

15   fishing expedition and I think it's

16   harassment.  And I thought that --

17        THE COURT:  Well, the defendants might

18   very well, you know, make the same argument

19   that you're bringing numerous lawsuits --

20        MR. NOVAK:  Well --

21        THE COURT:  Let me finish -- and

22   constantly amending the complaint to add

23   parties and allegations, some of which on

24   their face are specious, might also be

25   harassment.

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

Proceedings                          12

1          MR. NOVAK:  Can I address that

2     briefly?

3          THE COURT:  Yes.

4          MR. NOVAK:  If it was so frivolous,

5     why did people settle?  Why did people pay?

6     They did it because there was guilt on the

7     defendant's part.

8          THE COURT:  Maybe they did it because

9     they didn't want to incur the cost of further

10    litigation or further counsel fees or maybe

11    they couldn't afford to litigate it.  Maybe

12    they just wanted to get you off their back.

13         MR. NOVAK:  I don't believe so.

14         THE COURT:  Well, I don't know.

15         MR. NOVAK:  Well, I'm -- Judge, you

16    know, this is my opinion but I thought that

17    bringing this to a head through a declaratory

18    request would perhaps end the issue because I

19    think that the prima facia evidence of who

20    owns the trademark and who licenses the

21    trademark is overwhelming to their request of

22    discovery.

23         Well, it may very well be.  I don't

24    know.  I don't think it's procedurally correct

25    but be that as it may, since it's in the

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                    13

1   nature of a dispositive motion, it has to be

2   made to Judge Hurley because all dispositive

3   motions have to be made to the district court

4   judge assigned to the case and then what you

5   have to do is follow his motion practice which

6   my recollection is that he requires a

7   premotion conference and a few other things,

8   and he's got scheduling requirements in that.

9            I would suggest to you, however, that

10  it might be at best premature.

11           MR. NOVAK:  Okay.

12           THE COURT:  it might also be

13  inappropriate but at best, I think it might be

14  premature.  And what I would suggest to you,

15  strictly a suggestion, because you can make

16  the motion if you want, is that you withdraw

17  the motion without prejudice to renew it and

18  let us wrap up this discovery issue with the

19  referee who will make those determinations.

20  We'll then have all the discovery in the case

21  and then if you think you're entitled to that,

22  then go ahead and make the motion.

23           MR. NOVAK:  I'll agree to that; sure.

24           THE COURT:  So I am going to deem your

25  cross motion withdrawn then.

Transcription Plus II          Rosalie Lombardi


DEFT EXHIBIT D

**Proceedings**                                      14

1        MR. NOVAK:  Without prejudice.

2        THE COURT:  Correct.

3        I'm going to issue an order, as I

4   said, that resolves those two motions with the

5   appointment of a referee.  I'll have the

6   referee contact you and schedule your further

7   deposition.  And that deposition will be

8   conducted pursuant to a confidentiality

9   agreement that the defendant shall prepare and

10  you will obviously review.

11        And I'm trying to think of the best

12  way to handle it in terms of the additional

13  documents you're requesting.

14        MR. NOVAK:  Well, if I may perhaps

15  save additional motions by the defense, I

16  don't have any documents.  I've answered that.

17        THE COURT:  You don't have any what?

18        MR. NOVAK:  Pertaining to the

19  corporation.  I don't maintain them.  I'm not

20  an officer.

21        THE COURT:  Okay.  But you realize in

22  having said that that should this matter ever

23  come to the point of a trial, that you would

24  be precluded from offering any documents that

25  you claim you don't have now.

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

Proceedings                    15

1        MR. NOVAK:   I have no reason to have

2    them.

3        THE COURT:   No, I know.  But don't --

4        MR. NOVAK:   Am I misunderstanding?

5        THE COURT:   No, I think you're just

6    trying to be a little bit cute and --

7        MR. NOVAK:   No.

8        THE COURT:   -- what I am suggesting to

9    you is you tell me you don't have them because

10   you're not an officer of the corporation.  The

11   suggestion is that somebody else has them.  I

12   just don't want you to be misled.  If you

13   don't produce them because you don't have

14   them, fine but that you're position.

15       But they don't come into evidence ever

16   in this case.  So, at trial, you don't call a

17   secretary of one of the corporations who all

18   of the sudden miraculously appears with the

19   corporate documents.

20       Keep in mind your role in this case,

21   Mr. Novak.  You're the plaintiff.  You started

22   the lawsuit.  The burden of proof is on you;

23   okay?  You've got a certain not only discovery

24   obligations but you have other obligations.

25   If you don't want to produce certain documents

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

Proceedings                                    16

1   that are properly -- if they are properly

2   called for, fine. But once you choose that

3   pattern, they are not coming into evidence in

4   this case.

5          So, the idea of I don't have them but

6   at trial, I'm calling Joe Blow, secretary of

7   the corporation, and he has all the corporate

8   records and he's going to produce them,

9   they're not coming into evidence.

10         MR. NOVAK: Okay. Now I understand

11  what you're saying but can I just for

12  clarification purposes -- wouldn't information

13  from --

14         THE COURT: And I didn't -- I'm sorry,

15  you interrupted me and I chastised you for it

16  and I'm interrupting you and I apologize.

17  However, let me just note this in passing.

18         I read the deposition, okay? And

19  throughout the deposition your answers were

20  evasive, your answers attempted to do this

21  very thing, draw fine line distinctions

22  between whether it's me or someone else or

23  this corporation or not.

24         That is not how litigation is

25  conducted in this courthouse. And should you

Transcription Plus II         Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                    17

1   choose to continue in that and I get a report

2   back from special referee that you've done

3   that, I'll impose sanctions, not only

4   monetarily but I'll preclude the admission of

5   evidence that you've been evasive about in

6   responding to.

7           Do we understand each other?

8           MR. NOVAK:  I understand what you said

9   but trust me, that was my not intent at all.

10  I never intended to hamper the questions.  I

11  really didn't --

12          THE COURT:  I wasn't at the

13  deposition, okay?  I read it.

14          MR. NOVAK:  I understand.

15          THE COURT:  And my reading it and I've

16  probably read I don't know how many thousands

17  of depositions in my day, that's how it read

18  to me but that's why I'm -- in part, that's

19  why I am appointing a referee.  The referee

20  will tell me.

21          MR. NOVAK:  As a last follow up,

22  wouldn't the defense have to subpoena those

23  corporate records?

24          THE COURT:  I don't know what -- I

25  mean, we're talking generically here,

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

1  corporate records.  I don't know what they're

2  referring to.

3         MR. NOVAK:  In other --

4         THE COURT:  But if it's a corporation

5  that's a party to this lawsuit, no.  All they

6  have to do is demand it.  If it's corporations

7  controlled by you and that you should have

8  access to the documents, no, all they have to

9  do is demand it.  If it's a third party, a

10 non-party -- excuse me, a non-party to this

11 case, an independent person that has nothing

12 to do with the litigation, yes, then they have

13 to subpoena them.

14        MR. NOVAK:  The corporations are

15 family owned but not by myself.  That's really

16 what the crux of the issue is here.

17        THE COURT:  They can't determine that

18 because you don't answer the questions or give

19 them the documents they're entitled to.

20        MR. NOVAK:  All right, I understand.

21        THE COURT:  But the referee's going to

22 determine that.

23        MR. NOVAK:  Okay.  We'll get it done.

24        THE COURT:  Everybody understand?

25        MS. KOURIL:  I have one question,

Transcription Plus II        Rosalie Lombardi

**Proceedings**                              19

1    your Honor, about the --

2              THE COURT:  Okay.

3              Answer my question first.  Does

4    everyone understand?

5              MS. KOURIL:  Oh, what you just said?

6    Yes, absolutely.

7              MR. NOVAK:  Yes, sir.

8              THE COURT:  Yes?

9              MS. KOURIL:  About the confidentiality

10   agreement, I think I heard you say that the

11   defense is going to prepare it.

12             THE COURT:  Yes.

13             MS. KOURIL:  What do you envision the

14   parameters of that agreement being?

15             THE COURT:  That the information be

16   kept confidential, obviously.  Your --

17             MS. KOURIL:  From my client?

18             THE COURT:  No.

19             MS. KOURIL:  Mr. Novak does not want

20   me sharing information with my client.

21             THE COURT:  Well, I don't care what

22   Mr. Novak wants or doesn't want.  The standard

23   confidentiality --

24             MS. KOURIL:  That's why I am asking

25   though.

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

Proceedings                                    20

1          THE COURT:  -- agreement, the breath

2     of it would be attorneys and parties and not

3     beyond that but keep in mind that if your

4     client disseminates the information -- you

5     know what's going to happen here?  Because you

6     think you need documents which I don't think

7     you really need --

8          MS. KOURIL:  Right.

9          THE COURT:  -- okay, he's entitled to

10    that confidentiality.  There's no question

11    about it.  So, you're going to prepare a

12    confidentiality agreement and you're going to

13    enter into it.  And he's going to give you

14    certain information.  That information is

15    going to become public.  When it becomes

16    public, you get the next lawsuit over breach

17    of the confidentiality agreement.

18          MS. KOURIL:  That is my -- one of my

19    fears.

20          THE COURT:  I don't think that's a

21    fear.  That's what is going to happen.

22          MS. KOURIL:  I have one other

23    question.  When you say limited to the

24    parties, it's the parties in this action.

25          THE COURT:  Right.

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**

1    MS. KOURIL: Not in the related

2    actions.

3    THE COURT: No, this action.

4    MS. KOURIL: Okay.

5    THE COURT: I don't feel --

6    MS. KOURIL: I just want to be

7    absolutely clear.

8    MR. NOVAK: Can I explore that just

9    one step further? What do you mean by that in

10   this action?

11   THE COURT: What do you mean by what?

12   MR. NOVAK: Because --

13   THE COURT: What do I mean by what?

14   MR. NOVAK: No, not you, Judge. I'm

15   sorry. Ms. Kouril, in other words, you don't

16   want to keep it confidential to the defendants

17   in the other action? Is that what you're

18   saying?

19   THE COURT: Don't address any

20   questions to Ms. Kouril. I will handle it. I

21   think I was fairly clear that the

22   confidentiality agreement, the documents

23   produced and the information provided, is

24   limited to the attorneys, to Ms. Kouril and

25   her firm and the parties to this action, the

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                        22

1    defendants in this action.

2             MR. NOVAK:  And are we extending that

3    they cannot be disseminated on the internet?

4    I mean that's really what --

5             THE COURT:  They can't be disseminated

6    beyond the parties.  If they disseminate it on

7    the internet, then that's the next lawsuit.  I

8    know that's where it's coming.

9             MR. NOVAK:  I think --

10            THE COURT:  So, we're going to be here

11   for years doing this and spending thousands of

12   dollars but that's how you want to do it; do

13   it.  But we'll resolve it ultimately.

14            And the ultimate resolution may be

15   entirely different than what you think.  I'm

16   just warning you of that.  If it's ultimately

17   determined that this case is as frivolous as

18   people are maintaining and I'm not suggesting

19   it is because I don't know yet, but if it

20   ultimately is determined, then you're going to

21   bear the significant cost of this litigation.

22            Anything else, folks?

23            MS. KOURIL:  No, thank you,

24   your Honor.  No, your Honor.

25            THE COURT:  Mr. Novak?

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings** 23

1    MR. NOVAK: And we're going to

2  conclude this before we consider the

3  amendment. That's still where we're at.

4    THE COURT: That's correct.

5    MR. NOVAK: Are we also -- is it

6  realistic to consider at that point merging

7  these cases?

8    THE COURT: I think it probably is.

9  It probably makes sense to consolidate it.

10    MR. NOVAK: Because what I think is

11  going to happen is the amended complaint is

12  going to mirror the new complaint.

13    THE COURT: The what complaint?

14    MR. NOVAK: The amended complaint that

15  I would propose in this case is going to

16  mirror the actual complaint of the other case

17  which the same defendants have been served.

18    THE COURT: Okay. Well, we'll address

19  that after we address the other issue; all

20  right?

21    MR. NOVAK: All right.

22    THE COURT: Anything else?

23    MR. NOVAK: No.

24    MS. KOURIL: No, sir.

25    THE COURT: Thank you.

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

**Proceedings**                                    24

1      MS. KOURIL:  Thank you, your Honor.

2      MR. NOVAK:  The hearing, I am -- I'm

3   sorry, the examination then would be here at

4   the Court?

5      THE COURT:  Yes, it's going to be here

6   at the courthouse at the direction of the

7   referee.  Once I appoint a referee, he or she

8   will be in touch with you.  They'll schedule

9   it.  And set up the parameters for the

10  deposition.

11     MR. NOVAK:  Thank you.

12     THE COURT:  Thank you.

13     MS. KOURIL:  Thank you.

14          (Matter concluded)

15              -oOo-

16

17

18

19

20

21

22

23

24

25

Transcription Plus II        Rosalie Lombardi

DEFT EXHIBIT D

25

C  E  R  T  I  F  I  C  A  T  E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this __9th__ day of __December__, 2002.

*Rosalie Lombardi*

Rosalie Lombardi
Transcription Plus II

Transcription Plus II          Rosalie Lombardi

DEFT EXHIBIT D

# Defendant's

# Exhibit

# E

BEFORE: WILLIAM D. WALL

DATE: 3/06/03   *F+D*

UNITED STATES MAGISTRATE JUDGE

TIME: 10:30 a.m.

DOCKET NO. CV 01-3566

ASSIGNED JUDGE: Hurley

CASE NAME: Novak v. Active Window Publications

### CIVIL CONFERENCE

Initial _____ Status __X__ Settlement _____ Pretrial _____

Other: _____

APPEARANCES:   Plaintiff   Robert Novak _____

                            _____

               Defendant   Cynthia Kouril _____

                            _____

SCHEDULING:

1.   The next Status _____ conference will be held on May 2, 2003 at 11 a.m. _____

THE FOLLOWING RULINGS WERE MADE:   The court's order of December 5, 2002 is vacated to the extent that the court was to appoint a referee. A referee will not be appointed. The plaintiff's continued deposition will be conducted in this courthouse on March 28, 2003 beginning at 10 a.m. Defendant shall submit Schedule A of the proposed protective order within 7 days.   The plaintiff shall supply documents responsive to the original demand, including tax returns for the years covered in the complaint, within 14 days.   All other applications contained in the plaintiff's January 22, 2003 letter motion are DENIED.