# Defendant's

# Exhibit

# F

# ROBERT L. FOLKS & ASSOCIATES, LLP

### ATTORNEYS AT LAW

### 510 BROAD HOLLOW ROAD, SUITE 305

ROBERT L. FOLKS
CYNTHIA A. KOURIL

MELVILLE, NEW YORK 11747

(631) 845-1900

THOMAS L. COSTA
OF COUNSEL

TELECOPIER: (631) 845-8779

March 25, 2003

**VIA FACSIMILE (631) 712-5725**
Honorable William D. Wall
United States Magistrate Judge
US Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

> **Re: Robert Novak d/b/a Pets Warehouse.com v. Active Window**
> **Productions, Mark Rosenstein, Cynthia S. Powers, Dan Resler,**
> **Jared Weinberger, Thomas Barr, "John Doe" and "Mary Roe"**
> **CV 01-3566(DRH)(WDW)**

Dear Judge Wall:

This firm represents the defendants, Active Window Productions and Mark Rosenstein in the above captioned matter.

Pursuant to this Court's Order dated March 6, 2003, plaintiff was to complete the production of documents on or before March 20, 2003, and further ordered that after the documents were produced the deposition of the plaintiff, Robert Novak, continue on March 28, 2003 at the courthouse.

To date, we have not received any documents from Mr. Novak although by letter of March 24, 2003, attached (misdated February 20, 2003), we again reiterated our request that Mr. Novak comply with this court's order.

In view of the failure by plaintiff to produce the required documents, defendants have been prejudice and we respectfully request that the court order plaintiff to produce the documents and further direct that the deposition now scheduled for March 28, 2003, be rescheduled to permit us to review the documents before the deposition.

Respectfully submitted,

ROBERT L. FOLKS

RLF/cil
Attachments
cc:     Robert Novak (via fax ) (w/o encl.)

# ROBERT L. FOLKS & ASSOCIATES, LLP

## ATTORNEYS AT LAW

### 510 BROAD HOLLOW ROAD, SUITE 305

ROBERT L. FOLKS
CYNTHIA A. KOURIL

MELVILLE, NEW YORK 11747

(631) 845-1900

THOMAS L. COSTA
OF COUNSEL

TELECOPIER: (631) 845-8779

~~February~~ 20, 2003

**VIA MAIL & FACSIMILE (631) 789-9340**
Robert Novak
1550 Sunrise Highway
Copiague, NY 11726

> **Re: Robert Novak d/b/a Pets Warehouse.com v. Active Window**
> **Productions, Mark Rosenstein, Cynthia S. Powers, Dan Resler,**
> **Jared Weinberger, Thomas Barr, "John Doe" and "Mary Roe"**
> **CV 01-3566(DRH)(WDW)**

Dear Mr. Novak:

Pursuant to the terms of Judge Wall's March 6, 2003, Order (copy annexed) your production of documents was due on or before March 20, 2003.  I expected them to arrive here on March 21, 2003, or, at the latest, this morning if they had been properly posted on March 20, 2003.  Please advise as to the whereabouts of these documents. The schedule was predicated on the idea that we would have this week to use the documents to prepare for the March 28, 2003, deposition.

Also enclosed is a revised Schedule A with the changes you requested.  As I explained to you on the telephone, defendant cannot accede to your proposed changes in the first paragraph of the stipulation because it would involve defendant agreeing to the existence of a fact that defendant has no way of knowing.  The requested change in the last paragraph of the stipulation (to add paragraph numbers from the document request) is meaningless since it applies by its very nature to each and ever paragraph in the document request.

Very truly yours,

CYNTHIA A. KOURIL

CAK/cil
Attachments

BEFORE: WILLIAM D. WALL                          DATE: 3/06/03

UNITED STATES MAGISTRATE JUDGE                   TIME: 10:30 a.m.

DOCKET NO. CV 01-3566                            ASSIGNED JUDGE: Hurley

CASE NAME: Novak v. Active Window Publications

### CIVIL CONFERENCE

Initial _____ Status __X__ Settlement _____ Pretrial _____

Other: _____

APPEARANCES:    Plaintiff        Robert Novak

                                 _____

                Defendant        Cynthia Kouril

                                 _____

SCHEDULING:

1.    The next__Status_____ conference will be held on May 2, 2003 at 11 a.m.
      _____

THE FOLLOWING RULINGS WERE MADE: The court's order of December 5, 2002 is vacated to the extent that the court was to appoint a referee. A referee will not be appointed. The plaintiff's continued deposition will be conducted in this courthouse on March 28, 2003 beginning at 10 a.m. Defendant shall submit Schedule A of the proposed protective order within 7 days. The plaintiff shall supply documents responsive to the original demand, including tax returns for the years covered in the complaint ,within 14 days. All other applications contained in the plaintiff's January 22, 2003 letter motion are DENIED.

SO ORDERED

William D Wall

DEFT EXHIBIT F

# Defendant's

# Exhibit

# G

BEFORE: WILLIAM D. WALL                    DATE: 5/02/03

UNITED STATES MAGISTRATE JUDGE             TIME:   11:00 a.m.

DOCKET NO.  CV 01-3566                      ASSIGNED JUDGE: Hurley

CASE NAME: Novak v. Active Window Publications

CIVIL CONFERENCE

Initial _____ Status ___X___ Settlement _____ Pretrial _____

Other:_____

APPEARANCES:   Plaintiff       Robert Novak

                                _____

               Defendant       Cynthia Kouril

                                _____

SCHEDULING:

1.    The next  Status              conference will be held on  August 8, 2003 at 10 a.m.

      _____
      _____.

THE FOLLOWING RULINGS WERE MADE: Plaintiff shall serve a copy of his deposition transcript with errata sheet and any supplemental discovery on the defendant by May 30, 2003 Any party seeking to move for sanctions shall do so no later than June 20, 2003.

SO ORDERED

DEFT EXHIBIT G

# Defendant's

# Exhibit

# H

# ROBERT L. FOLKS & ASSOCIATES, LLP

### ATTORNEYS AT LAW

##### 510 BROAD HOLLOW ROAD, SUITE 305

ROBERT L. FOLKS
CYNTHIA A. KOURIL

MELVILLE, NEW YORK 11747

(631) 845-1900

THOMAS L. COSTA
OF COUNSEL

TELECOPIER: (631) 845-8779

June 25, 2003

Honorable William D. Wall
United States Magistrate Judge
US Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

**Re: Motion for Sanctions and Injunctive Relief**
**Robert Novak d/b/a Pets Warehouse.com v. Active Window**
**Productions, Mark Rosenstein, Cynthia S. Powers, Dan Resler,**
**Jared Weinberger, Thomas Barr, "John Doe" and "Mary Roe"**
**CV 01-3566(DRH)(WDW)**

Dear Judge Wall:

Today, I appeared before the Honorable Stan Bernstein with regard to the Voluntary Petition in Bankruptcy (# 03-083733) filed by Mr. Novak and which was the subject of Mr. Novak's last letter to this Court.

During today's appearance, Judge Bernstein dismissed the bankruptcy Case # 03-083733 *sui sponte*. He also observed on the record that he believed that Mr. Novak had filed that petition in bad faith and that Mr. Novak was using the Courts improperly.

We will be acquiring copies of the tapes of the proceedings and/or transcripts as soon as they are available and wish to supplement Defendants Motion for Sanctions and Injunctive Relief with such record as well as with the Order of the Bankruptcy Court and any accompanying decision, when such becomes available.

Respectfully submitted,

ROBERT L. FOLKS

CAK/cil
cc: Robert Novak

s:\rfolks\letters\Rosenstein

# Defendant's

# Exhibit

# I

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------
In the Matter of:              ) Chapter 11
                               )
ROBERT NOVAK                   ) Dkt. No. 03-83733
                               )
--------------------------------

OSC why this case should not be dismissed because
Debtor has a current Chapter 11 open (98-92318).
(11)

Memorandum in opposition by Debtor.   (15)

                         United States Bankruptcy Court
                         Eastern District of New York
                         Long Island Federal Courthouse
                         290 Federal Plaza
                         Central Islip, New York

                         June 25, 2003
                         10:30 a.m.

B E F O R E:

          HONORABLE STAN BERNSTEIN
          United States Bankruptcy Judge

A P P E A R A N C E S:

          ROBERT NOVAK, *Pro Se*
               Debtor
          1550 Sunrise Highway
          Copiague, New York   11726


          ROBERT FOLKS & ASSOCIATES
               Attorney for Creditor Active Window
               Productions
          510 Broadhollow Road, Suite 305
          Melville, New York   11747
               BY:  ROBERT L. FOLKS, ESQ.

ORIGINAL

          (516) 741-5342  Tankoos Reporting Co.  (212) 349-9692


DEFENDANT EXHIBIT I

2

APPEARANCES (cont'd)

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Eastern District of New York
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, New York   11722
(631) 715-7800
          BY:  TERESE A. CAVANAGH, ESQ.

DEFENDANT EXHIBIT I

I N D E X

TESTIMONY

None taken


EXHIBITS

None marked

DEFENDANT EXHIBIT I

```
 1              P R O C E E D I N G S

 2              THE COURT:  All right, Mr. Novak, let's

 3  step forward.

 4              COURT CLERK:  State your appearances,

 5  please.

 6              MR. NOVAK:  Robert Novak.

 7              THE COURT:  Mr. Novak, you can sit and

 8  speak into the microphone.  You can't stand above it,

 9  because then I won't get anything.

10              MR. FOLKS:  Robert L. Folks, Robert L.

11  Folks and Associates, --

12              THE COURT:  Robert L. Folks.

13              MR. FOLKS:  For the Creditor Active

14  Window Productions.

15              THE COURT:  Active?

16              MR. FOLKS:  Window Productions, Your

17  Honor.

18              MS. CAVANAGH:  Terese Cavanagh, for the

19  Office of the United States Trustee.

20              THE COURT:  And, Mr. Folks, how do you

21  spell your last name?  F-O-U-K-E-S?

22              MR. FOLKS:  F-O-L-K-S, Judge.

23              THE COURT:  F-O-L-K-S.  And, your law

24  firm is what?

25              MR. FOLKS:  Robert L. Folks and
```

(516) 741-5342  Tankoos Reporting Co.  (212) 349-9692

1  Associates.

2            THE COURT:  All right.

3            MR. FOLKS:  510 Broadhollow Road,

4  Melville, New York.

5            THE COURT:  All right.

6            And, what -- and Active Window

7  Productions, --

8            MR. FOLKS:  Yes, Your Honor.

9            THE COURT:  -- has a claim against Mr.

10 Novak?

11           MR. FOLKS:  We were listed, Your Honor,

12 as a Creditor, as a result of a lawsuit pending in

13 this courthouse, which was brought by Mr. Novak, pro

14 se.  It's one of twelve, approximately twelve cases

15 that Mr. Novak has brought in this courthouse, pro

16 se.

17           And, we have, during the course of that

18 litigation, --

19           THE COURT:  Wasn't there -- I know there

20 were some matters that Mr. Novak referred to as

21 pending before Judge Hurley.

22           MR. FOLKS:  Yes, Your Honor.  We -- I

23 represent Active Window Productions, and that is one

24 of the matters that is pending before Judge Hurley.

25           THE COURT:  Okay, and what's its status?

        (516) 741-5342  Tankoos Reporting Co.  (212) 349-9692

                      DEFENDANT EXHIBIT I

6

1          MR. FOLKS:  Your Honor, as a result of

2   Mr. Novak's failure to produce and comply with court

3   orders regarding discovery, we sought from Judge

4   Wall, Magistrate Judge Wall, and obtained permission

5   to make a motion to have Mr. Novak sanctioned.  And

6   further, to -- we sought injunctive relief by way of

7   both -- by way of -- of asking for Mr. Novak not to

8   be permitted to file any further lawsuits without

9   leave of the court, as a vexatious litigant.

10         Part of the sanctions that we sought were

11  attorney's fees for all of the motions that had to be

12  brought on before Judge Wall, and appearances when

13  Mr. Novak failed to -- to provide us with the

14  information that was directed by the Court.

15         THE COURT:  Well, what was the

16  disposition of your motion?

17         MR. FOLKS:  The motion is pending, --

18         THE COURT:  Were sanctions granted or

19  not?

20         MR. FOLKS:  -- Your Honor.  It is -- it

21  has been filed.  It is pending.

22         THE COURT:  Okay, and how long has it

23  been pending?

24         MR. FOLKS:  Just since Monday, Your

25  Honor.

1          MR. NOVAK:  In violation of the automatic

2  stay, Your Honor.

3          THE COURT:  Mr. Novak, when I need to

4  hear from you, you'll be given that opportunity to

5  speak.  Don't interrupt.

6          MR. FOLKS:  Your Honor, if I may --

7          THE COURT:  So, you have a motion pending

8  before the Magistrate Judge, who has this matter on

9  referral from Judge Hurley.

10          MR. FOLKS:  Yes, Your Honor.

11          THE COURT:  And, you're seeking sanctions

12  for failure to produce.

13          MR. FOLKS:  Well, we're seeking

14  sanctions, yes, for failure to produce and otherwise

15  comply with Judge -- Magistrate Judge Wall's direct

16  orders.

17          THE COURT:  Okay.

18          MR. FOLKS:  We wanted just to bring to

19  the Court's -- to this Court's attention one other

20  item.

21          THE COURT:  Okay.

22          MR. FOLKS:  In the course of the

23  litigation, it was determined that Mr. Novak had, in

24  his -- as an asset, a certain trademark, which he's

25  been using as a service mark and then was -- was

(516) 741-5342  Tankoos Reporting Co.  (212) 349-9692

DEFENDANT EXHIBIT I

8

1   awarded a trademark, since approximately 1974.   It

2   was part of that that he ran his business with, and

3   the dot-com, which he also runs.

4            What we noted in the prior filings in the

5   Bankruptcy Court, since 1993, and thereafter in 1997,

6   that this asset which he now claims is worth a

7   significant amount of money, was never listed as an

8   asset in any of the significant number of financial

9   filings which he made with this Court in connection

10  with that.

11           I bring this to the Court's attention

12  because it would -- by way of suggestion to Your

13  Honor, we would ask that the Court consider a

14  referral to the United States Attorney's Office.

15           (Pause).

16           THE COURT:  Well, I don't know why you

17  need a referral from me.  I assume you can go

18  directly to the U.S. Attorney's Office on your own.

19  I don't think a referral from this Court brings it

20  any greater visibility, I must say, than anybody

21  else.

22           MR. FOLKS:  Well, we just want to bring

23  that --

24           THE COURT:  I believe that it's -- I'd

25  like to believe that our referrals are taken more

DEFENDANT EXHIBIT I

1   seriously.   Generally, we make the referrals through

2   the U.S. Trustee's Office, with respect to case

3   administration.

4          We don't have any investigative resources

5   and sometimes, unfortunately, we try to rely upon the

6   U.S. Trustee's relationship to the U.S. Attorney's

7   Office, as fellow offices of the same Department of

8   Justice.   And, Ms. Cavanagh has had a fair degree of

9   success in getting the attention of the U.S.

10  Attorney's Office.

11         But, in any event, I think that's a

12  collateral matter to what I have before me.   I have

13  read Mr. Novak's papers this morning.   And, I am not

14  persuaded that this case should be administered as a

15  Chapter 11.

16         First of all, I don't understand this

17  concept of an unincorporated association.   All I know

18  is that Mr. Novak is the Debtor here, or the

19  purported Debtor.   And, I also know that he has a

20  Chapter 11 case that's still open.   And, it's pending

21  before Judge Gershon, and she hasn't rendered her

22  decision.

23         So, I don't know how this Court can

24  administer two Chapter 11s pending at the same time.

25  And, we've had that problem in Chapter 13 cases, and

DEFENDANT EXHIBIT I

1   other cases.  This isn't a ministerial act.

2               This isn't a situation in which all of

3   the work in the case has been accomplished and

4   there's some delay in the Clerk's Office in closing

5   the case.  This is a case that virtually was re-

6   opened in order to deal with an issue of fees.  I

7   ruled on that, and Mr. Novak decided to appeal my

8   decision.  And, it was on a remand from the District

9   Court, and several judges have recused themselves

10  from cases with Mr. Novak.

11              But, when I looked at his case, it

12  doesn't appear to me that there's any bona fide

13  justification for this Eleven.  But, even if there

14  were, I can't entertain two Elevens at the same time.

15  And, he's created this problem for himself.

16              If you want to prosecute your appeal,

17  fine.  And, there are certain consequences that flow

18  from that.  We're not interested in chilling your

19  rights of appeal.  But, I don't know what kind of

20  jurisdiction I have in a case where it's still open,

21  and it's open because of acts taken by the Debtor,

22  not acts taken by the Clerk or anybody else.

23              And, I understand his point about the

24  orders, but by virtue of his initiating this dispute,

25  and further prosecuting it, he's created this

DEFENDANT EXHIBIT I

1   situation for himself.

2            Now, perhaps Judge Gershon will render a

3   decision, and then there will only -- and, assuming

4   -- I don't know what the decision could be.  It could

5   be remanded to this Court.  It could be remanded to

6   another Court.  I can't begin to speculate on what

7   Judge Gershon will do, with respect to this matter.

8            So, I don't see how I can entertain

9   jurisdiction in a second Chapter 11 while I still

10  have an Eleven open, and open by virtue of an appeal.

11  The Clerk's Office will not close a case because of a

12  pending appeal.  It can be a Chapter 7 case, and the

13  Debtor may have received a discharge, and then there

14  is a complaint for a determination of non-

15  dischargeability, which is tried before the Court,

16  and one party takes an appeal, and the Clerk, under

17  those circumstances, as a standard procedure, will

18  not close a Chapter 7 case, even after the Trustee

19  filed his final report.

20           And so, this creates administrative

21  difficulties for the Court, and it has nothing to do

22  with the controversy with Mr. Folks's client, or

23  problems with any court.  And, as I look at this,

24  this is a collateral attack on an order of an Alabama

25  State Court.  And, under the *Rooker/Feldman* doctrine,

DEFENDANT EXHIBIT I

1   I can't serve as an appellate tribunal.  So, even on

2   the face of this complaint -- I mean even on the face

3   of this case, it doesn't appear to be bona fide.

4   It's asking this Court to step into a controversy

5   arising out of an Alabama court, where Mr. Novak has

6   rights, presumably, to prosecute his appeals through

7   the Alabama State Court system.  He can't use

8   bankruptcy as a way of re-litigating matters that are

9   determined by judgments in another court.

10            So, one, because there is already an

11   Eleven open; two, on the face of his complaint, which

12   I read, and his characterization in his pleadings,

13   he's seeking to use this Court improperly.  So,

14   that's another independent ground for dismissing this

15   case.

16            Mr. Novak?

17            MR. NOVAK:  Well, if the case is still

18   open, how come I'm not afforded the protections of

19   the automatic stay, Your Honor?

20            To preclude me from those protections --

21            THE COURT:  I'm not -- look, I'm not

22   serving here as your legal counsel.  You want to make

23   an argument, deal with it.

24            MR. NOVAK:  Okay, the argument --

25            THE COURT:  But, I don't need you --

DEFENDANT EXHIBIT I

1          MR. NOVAK:  -- the --

2          THE COURT:  -- to start asking me twenty

3   questions, asking free advice from this Court.

4   That's not the way it works.

5          (Pause)

6          MR. NOVAK:  The case was never re-opened.

7   There is nothing in the docket --

8          THE COURT:  How do I determine a matter,

9   if the case is not re-opened?  I can't --

10          MR. NOVAK:  Judge, --

11          THE COURT:  I cannot deal, Mr. Novak, --

12          MR. NOVAK:  -- Judge, can I speak --

13          THE COURT:  -- with an independent --

14          MR. NOVAK:  -- uninterrupted, please?

15          THE COURT:  -- determination.  If a

16   controversy arises out of a case, the only way I can

17   hear it is to re-open the case.  That's a logical

18   prerequisite.

19          MR. NOVAK:  There's no indication of that

20   in the docket.

21          THE COURT:  Okay.  Well, then I must have

22   been just sitting here whistling Dixie for several

23   months, and entertaining numerous pleadings that you

24   filed, numerous hearings, --

25          MR. NOVAK:  There was only one --

DEFENDANT EXHIBIT I

1                THE COURT:  -- and the disposed of the

2    matter as I thought appropriate.

3                MR. NOVAK:  There was --

4                THE COURT:  You disagreed.  You have a

5    right to disagree.  You have a right to take an

6    appeal.  You took an appeal.  It's still pending.

7                Do you want to appeal my order dismissing

8    your case?  You know how to go to the District Court.

9                MR. NOVAK:  Is it -- is it -- is it this

10   Court's intention to just kill the case?  Is that

11   what we're here for?

12               THE COURT:  It's my intention to what?

13               MR. NOVAK:  Kill the case.  Can I be

14   heard?  Under § 1109, I am a Chapter 11 Debtor, as of

15   now.  I'd like to be heard.  I don't think I -- I

16   don't think you're allowing me --

17               THE COURT:  I've read your papers, --

18               MR. NOVAK:  -- to complete a sentence.

19               THE COURT:  -- Mr. Novak.

20               MR. NOVAK:  I'd like to complete a

21   sentence.

22               THE COURT:  Mr. Novak, I've read your

23   papers.  Do you have anything to add to your papers?

24               MR. NOVAK:  Yes, I do.  I'd --

25               THE COURT:  Why weren't they --

DEFENDANT EXHIBIT I

1            MR. NOVAK:   -- like to say it.

2            THE COURT:   -- in your papers?

3            MR. NOVAK:   I'd like to make a complete

4    record, so if this Court forces me to the ultimate

5    requirement of an appeal, the record is complete.

6            THE COURT:   Mr. Novak, I determine when

7    the record is complete.   You don't.

8            I have read your papers.   I have already

9    given you my ruling.   I am dismissing this case for

10    two reasons.

11            One, there's an open Chapter 11 case,

12    based upon an appeal pending before Judge Gershon.

13            Two, based upon my review of the

14    pleadings, this is not a case that can lead to a

15    confirmation of a feasible plan.   I view this as a

16    case filed in bad faith, because you're seeking to

17    use this Court to overturn orders of an Alabama State

18    Court.

19            MR. NOVAK:   I respectfully disagree.

20    That was not the intent of filing this case.

21            I further respectfully disagree in the

22    fact that it was not filed in good faith.   It was

23    filed -- not in bad faith.   It was filed in good

24    faith.

25            If the Court read my affidavit, --

DEFENDANT EXHIBIT I

1              THE COURT:  I read everything you have

2    submitted, Mr. Novak.

3              MR. NOVAK:  In my schedules, I explained.

4    You have not given this Debtor a chance to even

5    propose a plan.  And, you're saying it's -- it --

6    this is premature.  This case hasn't ripened to the

7    point for the Court to take that position.  And, I

8    think it --

9              THE COURT:  Mr. Novak, --

10             MR. NOVAK:  -- I think it's unfair --

11             THE COURT:  -- the case has ripened to

12   the point.  The case is dismissed.

13             MR. NOVAK:  And, I --

14             THE COURT:  I'm going to issue an order.

15   This matter is concluded.

16             Thank you.

17             MR. NOVAK:  And, I -- I think the reason

18   --

19             THE COURT:  This matter is concluded, Mr.

20   Novak.

21             MR. NOVAK:  Under § 1109, I have a right

22   to be heard.

23             THE COURT:  Mr. Novak, this case is

24   completed.  You don't have anything further to say --

25

DEFENDANT EXHIBIT I

17

1          MR. NOVAK:  I have no rights?

2          THE COURT:  Mr. Novak, I have already

3    ruled.

4          MR. NOVAK:  You asked me if I had

5    anything to add, --

6          THE COURT:  Would you call the U.S.

7    Marshal, please?

8          COURT CLERK:  [inaudible]

9          MR. NOVAK:  You want me to leave, I'll

10   leave.

11         THE COURT:  I think it would be

12   advisable.

13         MR. NOVAK:  All right, Your Honor, I'll

14   leave.  We don't need Marshals.

15         (Whereupon, at 11:15 a.m., the proceeding

16   was concluded.)

17                  *  *  *  *  *

18

19

20

21

22

23

24

25

DEFENDANT EXHIBIT I

# C E R T I F I C A T E

I, June Accornero, do hereby certify that I typed the proceeding In the Matter of Robert Novak, taken on June 25, 2003, before The Honorable Stan Bernstein, at the United States Bankruptcy Court, Eastern District of New York, Central Islip, New York, from a tape provided by the Court, and that this is an accurate transcript of what happened at that time and place.

June Accornero

DEFENDANT EXHIBIT I

# Defendant's

# Exhibit

# J

BEFORE: WILLIAM D. WALL        DATE: __8/8/03__

UNITED STATES MAGISTRATE JUDGE      TIME: __10:00 a.m.__

DOCKET NO. __CV 01-3566__        ASSIGNED JUDGE: __Hurley__

CASE NAME: __Novak, et al. v. Active Window__

R E C E I V E D
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

CIVIL CONFERENCE

★ AUG 2 6 2003 ★

Initial _____ Status __X__ Settlement _____ Pretrial _____

E N T E R E D

Other:_____        ★ ━━━━━ ★

APPEARANCES:   Plaintiff     NO APPEARANCE

              Defendant    __Cynthia Kouril (Active Window and Rosenstein__

SCHEDULING:

1.   The next __Status__ conference will be held on __October 30, 2003 at 11 a.m.__
_____

THE FOLLOWING RULINGS WERE MADE: Plaintiff has failed to appear at this status conference scheduled in this court's order of May 2, 2003. The defendant is awarded the cost of her appearance and shall submit an affidavit of services by August 29, 2003. The court reserves decision on defendant's motion for sanctions, which is unopposed. The court notes for the plaintiff's information that there is no stay in effect. Should plaintiff fail to appear at the next conference the court will recommend dismissal of the action.

SO ORDERED

DEFT EXHIBIT J

# Defendant's

# Exhibit

# K

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

DEC 1 2 2003

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------
ROBERT NOVAK,

          Plaintiff,

    -against-

ACTIVE WINDOW PUBLICATIONS, INC., et al.,

          Defendants.
----------------------------------------------------------X

**ORDER**

CV 01-3566(DRH)(WDW)

**WALL, Magistrate Judge:**

    Before the court are three motions in this contentiously litigated matter. First, the defendants have moved for sanctions, including dismissal of the complaint or preclusion of evidence. Second, the plaintiff has cross-moved for sanctions. And third, the plaintiff seeks reconsideration of an order of the court awarding sanctions to the defendants for Mr. Novak's failure to appear at a conference.

### Defendants' Motion and Plaintiffs' Cross Motion for Sanctions

    The motion and cross motion for sanctions are based on expedited discovery granted to the defendants on the issue of whether the plaintiff is the true party in interest, or whether corporate entities exist that are the true parties in interest. On their motion, the defendants argue that Mr. Novak has obstructed the "expedited" discovery in numerous ways, including misleading answers about income tax returns, and generally evasive and non-responsive deposition answers

    Mr. Novak, in opposition and in support of his own motion, argues that defense counsel has mislead the court, has conducted abusive discovery, and has failed to ask the right questions that would have elicited helpful answers. In reviewing the record before it, the court must agrée

DEFT EXHIBIT K

with the defendants that the pro se plaintiff, Robert Novak, willfully avoids giving information and does not answer simple questions. The transcripts of his depositions demonstrate his evasiveness and attempts at "cleverness" in avoiding straightforward answers to his questions. His varied answers to the questions about the existence of relevant income tax returns also disturbs the court. Nonetheless, the court does not find sufficient flauting of this court's orders or of the federal rules to warrant the most severe sanctions sought by the defendants, that is, dismissal of the action.

Discovery on this issue has gone on long enough, and both parties have had ample opportunity to seek, or to provide or object to the production of, all relevant information and documents. Thus, the court will grant the alternative relief sought by the defendants: the plaintiff, who represents himself as fully cooperative in the discovery process, has presumably produced all of the information required of him under the applicable federal rules, and is precluded from producing into evidence, at trial or in opposition to a motion for summary judgment, any information that he failed to disclose regarding the real party in interest issue.

The court declines to grant the injunctive relief sought by the defendants, which would require Novak to obtain the approval of the court prior to instituting suit against defendants Rosenstein or Active Window Productions. Any application for such relief must be made to District Judge Hurley, in accordance with his Individual Rules and the Federal Rules.

The plaintiff's motion for sanctions is denied in all respects. Moreover, Novak's request that he be allowed to hire counsel to argue only this issue is denied. He can proceed pro se or he can have counsel, but he can't do some of each.

2

DEFT EXHIBIT K

## Plaintiff's Motion to Reconsider Sanctions

On August 8, 2003, Mr. Novak failed to appear for a status conference, and the court granted attorney's fees to the defendants' attorney, who did appear. Novak now seeks to have that sanction removed. He explains that he did not attend the conference because he believed that the automatic bankruptcy stay was still in effect. That issue was resolved by the court in an order dated August 25th, with a finding that there was no stay in effect at that time. However, the court accepts Novak's claim that he believed the stay to be in effect, especially in light of his regular appearances prior to August 8th. Thus, the court will rescind the award of attorney's fees to the defendants for the August 8th non-appearance of Mr. Novak.

### Conclusion

This lawsuit must proceed to a conclusion. The parties are directed to submit to the court, in writing, a concise, no longer than two pages, double spaced, statement of the discovery that they believe is outstanding, along with a statement as to any motions they anticipate making before trial. These statements must be submitted to the court and served on the adversary no later than **January 5, 2004.** After reviewing them, the court will establish new, firm deadlines and schedule appropriate conferences. The court will not tolerate any more dilatory behavior or flouting of the discovery rules from either side, and Mr. Novak is warned that his pro se status does not exempt him from following those rules like all other litigants. Both parties should consider themselves warned that the court will not hesitate to impose sanctions in the future if their discovery obligations are not strictly adhered to.

3