# Defendant's

# Exhibit

# L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROBERT NOVAK d/b/a Pets Warehouse.com,

                Plaintiff,

    -against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA S. POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

             Defendants.

----------------------------------------------------------------X

CV 01 3566

(DRH)(WDW)


## STATEMENT OF OUTSTANDING DISCOVERY

## AND ANTICIPATED MOTIONS


Dated: January 5, 2004


           ROBERT L. FOLKS & ASSOCIATES, LLP
           Attorneys for Defendants ACTIVE WINDOW
           PRODUCTIONS, INC. and MARK ROSENSTEIN
           510 Broad Hollow Road, Suite 305
           Melville, New York  11747
           (631) 845-1900


DEFT EXHIBT L

The following areas of discovery remain to be addressed with respect to alleged liability of Defendant MARK ROSENSTEIN.

1.     What acts of libel MARK ROSENSTEIN, individually, is alleged to have committed.

2.     Which, if any, libelous statements are allegedly attributed to MARK ROSENSTEIN, individually.

3.     What actions are MARK ROSENSTEIN alleged to have taken, as an individual, to publish or circulate allegedly libelous statements in a manner that would render him an information content provided under 47 U.S.C. §230.

The following areas of discovery remain to be addressed with respect to alleged liability of Defendant ACTIVE WINDOW PRODUCTS, INC. (AWP).

1.     What acts of AWP are alleged to have been performed constitute editorial control over the statements alleged in the Complaint to have been libelous and would remove the protection afforded to interactive computer service providers under 47 U.S.C. §230.

The following areas of discovery remain to be addressed with relation to claims for damages.

1.     Since Plaintiff has failed to provide tax returns, cancelled checks, bank statements, ledgers or other financial books and records relative to ROBERT NOVAK, d/b/a PETS WAREHOUSE.COM, and the summaries prepared for this litigation (see transcript of EBT of NOVAK dated March 28, 2003 at page 15, line 24 - page 26, line 9) are inadmissible under FRE 1006 without the production of the underlying records (FRE 1006 and see U.S. v. Bray, 139 F.3d 1104 (6th Cir 1998), Plaintiff will be unable to offer

evidence in admissible form to support damages claims under the first and second causes of action. The remaining area of damages is those claimed in the third cause of action.

Discovery relating to damages under the third cause of action includes:

a.    ROBERT NOVAK's medical records.

b.    Records relating to any psychiatric or psychological treatment rendered to Mr. Novak for the mental distress and related afflictions described in Paragraph 46 of the Complaint.

c.    Depositions of Mr. Novak's treating physicians, psychiatrists and psychologist.

d.    Examination of Mr. Novak by Defendant's experts in the field of psychology, psychiatry and medicine.

e.    Depositions of Mr. Novak's wife and other immediate family members regarding the external behaviors associated with the affliction described in Paragraph 42 of the Complaint.

Anticipated Motions:

At this time, and in advance of additional discovery, Defendants anticipate making a motion under Rule 17 FRCP to dismiss the Complaint for failure to prosecute in the name of the true party in interest.

Defendant will send a pre-motion letter to Justice Hurley pursuant to the schedule to be set by this Court as indicated in its decision dated December 12, 2003.

If any causes of action remain subsequent to the disposition of the Rule 17 motion at the conclusion of discovery, Defendants anticipate moving for Summary Judgment under Rule 56 of the FRCP.

# Defendant's

# Exhibit

# M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NOVAK,

               Plaintiff(s),           **SCHEDULING ORDER**

    -against-                 CV 01-3566  (DLI) (WDW)

ACTIVE WINDOW PUBLICATIONS et al.,,

               Defendant(s).
-------------------------------------------------------------------X
WALL, **Magistrate Judge:**

    **COURT APPEARANCE:**

**May 29, 2009 at 11:00 am :**   Pretrial conference before the undersigned.  If the trial judge requires one, a joint proposed pretrial order in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 2 business days prior this conference.  All parties must also submit a one page, ex parte statement of their settlement positions to the undersigned prior this conference.  These statements will be treated as confidential, and will not be docketed.  Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be available by telephone.

    ADDITIONAL DEADLINES:

**February 13, 2009:**   Motions to join new parties or to amend the pleadings.

**May 1, 2009:**   Completion of all discovery, inclusive of expert discovery.  Depositions of experts may be taken at any time prior to trial.

**May 15, 2009 :**   Any party planning to make a dispositive motion must take the first action beginning the motion process by this date or risk forfeiting the right to make such a motion.  Depending on the district judge assigned, such first action would be either requesting a pre-motion conference, initiating the exchange of Local Civil Rule 56.1 statements, or requesting an oral argument date from the district judge.  Parties are required to consult the individual rules of the district judge regarding motion practice.

      Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules.  Motions that do not comply with all requirements will be returned to the movant.  Untimely opposition, or no opposition, to letter motions may result in the motion's being granted as unopposed.

This scheduling order will be modified by the Court only upon a timely showing of good cause. Any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 2 (C).

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses.

Dated: Central Islip, New York
     September 19, 2008

**SO ORDERED:**

      s/ William D. Wall
     WILLIAM D. WALL
     United States Magistrate Judge

# Defendant's

# Exhibit

# N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROBERT NOVAK, d/b/a PetsWarehouse.com,                    CV 01 3566

                                    Plaintiff,

                                                         **DOCUMENT DEMAND**
        -against-

ACTIVE WINDOW PUBLICATIONS, INC.,
MARK ROSENSTEIN, ROBERT HUDSON
d/b/a AQUABOTANIC.COM,

                                    Defendants.
-----------------------------------------------------------X

## DEFENDANT'S FIRST REQUEST
## FOR THE PRODUCTION OF
## DOCUMENTS FROM PLAINTIFFS

        PLEASE TAKE NOTICE, that Defendants, ACTIVE WINDOW

PRODUCTIONS, INC., and MARK ROSENSTEIN, by their attorneys Robert L. Folks

& Associates, LLP, hereby request pursuant to §§ 26 and 34(a) the Federal Rules of Civil

Procedure, that plaintiffs produce the following documents and things, and make them

available for inspection and copying by defendants no later than April 17, 2009, at the

offices of Robert L. Folks & Associates, LLP, 510 Broad Hollow Road, Suite 304A,

Melville, New York 11747.

### DEFINITIONS AND INSTRUCTIONS

        Unless specifically indicated or otherwise required by the context in which

the terms, name and instructions are used the following definitions and instructions shall

be applicable to this Notice for Discovery and Inspection.

        1. The term "document" means all writings of any kind including without

limitation change orders; studies; messages; correspondence; memoranda; notes; diaries;

logs; statistics; letters; telegrams; minutes; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; news articles; prospectuses; inter-office and intra-office communications; offers; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; computer records printouts; teletypes; telefax; mailgrams; invoices; worksheets; and all drafts, alterations, modifications, changes and amendments of any kind; and electronic, mechanical or electrical records or representations of any kind including without limitation tapes; cassettes; discs'; hard drives and recordings; proposals; solicitation sheets; applications and/or certifications for payment.

2. The term "possession, custody or control" includes without limitation possession, custody or control of plaintiffs or any persons or entities acting or purporting to act on behalf of plaintiffs whether as agent, accountant, employee, attorney, sponsor, spokesman or otherwise.

3. The term "and" and "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

4. The use of the singular shall include the plural and vice versa, and the use of the masculine shall include the feminine and vice versa as the context requires.

5. In the event that any document called for by this Notice for Discovery and Inspection is not produced:

(a) Identify each such document;

(b) Set forth the reason why the document has not been produced (e.g., not in your custody, possession or control; destruction; claim of privilege);

DEFT EXHIBIT N

(i)  If the document is not produced on the basis of a claim of privilege, set forth the nature of the privilege asserted and the relationship to plaintiffs of each person or entity to whom each such document was transmitted or shown or to whom the information therein was disclosed; and

(ii)  If the document is in the possession of a person or business entity other than plaintiffs over which plaintiffs have no control:

      (A)  Set forth whether and when the document was in your possession;

      (B)  Set forth what disposition was made of the document; and

      (C)  Identify the person or entity which is presently in possession of the document;

(iii)  If the document was destroyed:

      (A)  Set forth the date of destruction;

      (B)  Set forth the manner of destruction;

      (C)  Set forth the reason for destruction;

      (D)  Set forth the name and address of the person authorizing the destruction; and

      (E)  Set forth the name and address of the person destroying the document.

6.    For documents produced:

    (A)  Set forth the text of the numbered request.

    (B)  Set forth a description of the documents being produced in response to the individual numbered requests.

3

## DOCUMENTS TO BE PRODUCED

1. Documents or things evidencing of all licensing and royalty contracts or agreements subsequent to September 18, 2002.

2. Copies of each and every banner or other publication which plaintiff contends were published by Mark Rosenstein and which form a basis for plaintiff's Complaint or which plaintiff anticipates offering as evidence.

3. Copies of each and every banner or other publication which plaintiff contends were published by Active Window Productions, Inc., and which form a basis for plaintiff's Complaint or which plaintiff anticipates offering as evidence.

4. Documents or things evidencing plaintiff's current ownership of the domain name (PetsWarehous.com) as alleged in Paragraph 21 of the Complaint.

5. List all websites where plaintiff alleges Mark Rosenstein placed banner ads.

6. Copies of each and every banner ad plaintiff contends Mark Rosenstein placed on a website other than ads described in Paragraph 3 above.

7. Documents or other things evidencing how Mark Rosenstein placed banner ads, other than those described in Paragraph 3 above, on "numerous websites".

8. List all websites where plaintiff alleges Active Window Productions, Inc. placed banner ads.

9. Copies of each and every banner ad plaintiff contends Active Window Productions, Inc. placed on a website other than ads described in Paragraph 3 above.

4

DEFT EXHIBIT N

10. Documents or other things evidencing how Active Window Productions, Inc. placed banner ads, other than those described in Paragraph 3 above, on "numerous websites".

11. All documents and things evidencing Mark Rosenstein's tortious interference with existing licensees, including but not limited to, correspondence from licensees, contemporaneous notes of meetings or official meeting minutes, contemporaneous notes of telephone conversations, audio tape or other recordings of meetings or telephone conversations.

12. All documents and things evidencing Mark Rosenstein's tortious interference with investors and customers, including but not limited to, correspondence from licensees, contemporaneous notes of meetings or official meeting minutes, contemporaneous notes of telephone conversations, audio tape or other recordings of meetings or telephone conversations.

13. All documents and things evidencing Active Window Productions Inc.'s tortious interference with existing licensees, including but not limited to, correspondence from licensees, contemporaneous notes of meetings or official meeting minutes, contemporaneous notes of telephone conversations, audio tape or other recordings of meetings or telephone conversations.

14. All documents and things evidencing Active Window Productions, Inc.'s tortious interference with investors and customers, including but not limited to, correspondence from licensees, contemporaneous notes of meetings or official meeting minutes, contemporaneous notes of telephone conversations, audio tape or other recordings of meetings or telephone conversations.

DEFT EXHIBIT N

15.    Documents and things, including recordings, where Mark Rosenstein "threatened disparagement of plaintiff's mark".

16.    Documents and things, including recordings, wherever Mark Rosenstein "threatened to harm future business of the PetsWarehouse mark".

17.    Documents and things, including recordings, wherein Mark Rosenstein "threatened boycotts of PetsWarehouse trademark".

18.    Documents and things, including recordings, wherein Mark Rosenstein "disparaged Robert Novak's trademark".

19.    Documents and things, including recordings, evidencing Mark Rosenstein's "diluting the . . . good will and value" of the PetsWarehouse trademark.

20.    Documents and things, including recordings, where Active Window Productions, Inc. "threatened disparagement of plaintiff's mark".

21.    Documents and things, including recordings, wherever Active Window Productions, Inc. "threatened to harm future business of the PetsWarehouse mark".

22.    Documents and things, including recordings, wherein Active Window Productions, Inc. "threatened boycotts of PetsWarehouse trademark".

23.    Documents and things, including recordings, wherein Active Window Productions, Inc. "disparaged Robert Novak's trademark".

24.    Documents and things, including recordings, evidencing Active Window Productions, Inc.'s "diluting the . . . good will and value" of the PetsWarehouse trademark.

DEFT EXHIBIT N

25.     Documents and things establishing that PetsWarehouse.com is the "third most popular pet-related website in the world" including Google rating, Yahoo rating, Technorati rating, Ask.com rating, and others.

26.     Website traffic reports, such as "Site Meter" or similar showing daily site traffic for PetsWarehouse.com for the time period covered by the Complaint.

27.     Documents and things showing relative increases and decreases in PetsWarehouse.com traffic during the time period covered in the Complaint.

28.     Documents or things establishing that Mark Rosenstein "cyber squatted" on PetsWarehouse.

29.     Documents or things establishing that Active Window Productions, Inc. "cyber squatted" on PetsWarehouse.

30.     Documents or things establishing that Mark Rosenstein posted messages claiming that "putting anyone on notice constituted a threat, or bullying rather than a notice of incorrect information".

31.     Documents or things establishing that Active Window Productions, Inc. posted messages claiming that "putting anyone on notice constituted a threat, or bullying rather than a notice of incorrect information".

32.     Documents or things establishing that Mark Rosenstein personally created banner ads which were similar to plaintiff's banner ads.

            - Include samples of the plaintiff's ads and of Mark Rosenstein created ads
            that plaintiff alleges to be similar.

7

33.    Documents or things establishing the website(s) which plaintiff alleges Mark Rosenstein personally recruited to run banner ads that are similar to plaintiff's banner ads; include dates and durations that such ads ran.

- Include samples of plaintiff's ads and the ads which plaintiff contends are similar which were run on websites personally recruited by Mark Rosenstein.

34.    Documents or things establishing that Active Window Productions, Inc. personally created banner ads which were similar to plaintiff's banner ads.

- Include samples of the plaintiff's ads and of Active Window Productions, Inc. created ads that plaintiff alleges to be similar.

35.    Documents or things establishing the website(s) which plaintiff alleges Active Window Productions, Inc. personally recruited to run banner ads that are similar to plaintiff's banner ads; include dates and durations that such ads ran.

- Include samples of plaintiff's ads and the ads which plaintiff contends are similar which were run on websites personally recruited by Active Window Productions, Inc.

36.    Documents or things establishing that $200,000.00 was raised by the Defense Fund.

37.    Documents or things establishing that Mark Rosenstein "coerced current and potential customers and affiliates of PetsWarehouse.com" and the means and methods by which such "coercion" was accomplished.

38.     Documents or things establishing that Active Window Productions, Inc. "coerced current and potential customers and affiliates of PetsWarehouse.com" and the means and methods by which such "coercion" was accomplished.

39.     All documents or things evidencing Mark Rosenstein requested anyone to boycott PetsWarehouse.

40.     All documents or things evidencing Active Window Productions, Inc. requested anyone to boycott PetsWarehouse.

41.     Copies of emails allegedly sent by Mark Rosenstein requesting that people other than Mark Rosenstein "not say anything about this case 'you will become a defendant' and encourage [sic] them not to place questions that might place plaintiff in a positive light."

42.     Copies of emails allegedly sent by Active Window Productions, Inc. requesting that people other than Active Window Production, Inc. "not say anything about this case 'you will become a defendant' and encourage [sic] them not to place questions that might place plaintiff in a positive light."

43.     Documents or things showing that Active Window Productions, Inc. "published" anything written by John Benn as opposed to merely providing web hosting services to Aquatic Plants Digest and FINS.

44.     Documents or things that show Active Window Productions, Inc. was the author of statement "The Better Business Bureau of Metropolitan New York, Inc. has provided an unsatisfactory rating, the bureau's lowest, for PetsWarehouse.com", as alleged in Paragraph 43 of the Amended Complaint.

DEFT EXHIBIT N

45. Documents or things establishing that Mark Rosenstein was the author of statements appearing on Pets Forum.com, including but not limited to the statement complained of in Paragraph 44 of the Amended Complaint. (The "Gomez" statement)

46. Documents or things establishing that Active Window Productions, Inc. was the author of statements appearing on Pets Forum.com, including but not limited to the statement complained of in Paragraph 44 of the Amended Complaint. (The "Gomez" statement).

47. Documents or things establishing that Active Window Productions, Inc. had any role in developing a "psw-lawsuit-news" newsletter or that Active Window Productions, Inc. or Mark Rosenstein authored any of the newsletter contents.

48. Documents or things establishing that Cynthia Powers is an employee of Active Window Productions, Inc.

49. Documents or things establishing that Active Window Productions, Inc. "designated" Cynthia Powers or had any role in selecting Cynthia Powers to serve as a "moderator" of the Aquatic List Serve.

50. Documents or things establishing that the Aquatic Plants Digest List is in fact "moderated" as that term is commonly used on the Internet.

51. Documents or things showing that Active Window Productions, Inc. "published" a March 4, 2002 statement allegedly authored by Alan Kaufman complained of in Paragraph 50 of the Amended Complaint, as opposed to merely hosting the unmoderated website upon which Mr. Kaufman allegedly posted the statement.

52.    Documents or things establishing the identity of the Alan Kaufman described in Paragraph 50 of the Amended Complaint and that he, in fact, is the author of the statements complained of.

53.    Copies of the fax described in Paragraph 51 of the Amended Complaint, along with the fax confirmation report showing its successful transmission.

54.    Documents or things establishing that "Later that day this message [from Kaufman] was posted and republished by Active Window Productions, Inc. to New York subscribers and the rest of the world." [emphasis added]

55.    Documents or things evidencing that Active Window Productions, Inc. "republishes" content sent to it as opposed to providing web hosting services to Aquatic Plants Digest and FINS.

56.    Documents or things evidencing that Mark Rosenstein "republishes" content sent to it as opposed to providing web hosting services to Aquatic Plants Digest and FINS.

57.    Documents or things establishing that Mark Rosenstein authored any of the emails complained of in Paragraph 60 of the Amended Complaint.

58.    Documents or things establishing that Mark Rosenstein "hacked" into plaintiff's computer system or committed any other computer crimes as alleged in Paragraph 61 of the Amended Complaint.

59.    Documents or things showing that Mark Rosenstein emailed or "published" the statements complained of in Paragraphs 62 and 63 of the Amended Complaint.

11

60.    Documents or things showing that Active Window Publications, Inc. emailed or "published" the statements complained of in Paragraphs 62 and 63 of the Amended Complaint.

61.    Documents or things establishing that Mark Rosenstein authored anything that used plaintiff's "trademark" as opposed to using the common English language words "Pets" and "Warehouse".

62.    Documents or things establishing that Active Window Productions, Inc. authored anything that used plaintiff's "trademark" as opposed to using the common English language words "Pets" and "Warehouse".

63.    Documents or things establishing the "confusion as to whether [PetsWarehouse.com] is sponsoring or authorizing" products or services on Aquatic Plants Digest, FINS or any other website hosted by Active Window Productions, Inc.

64.    Documents or things establishing the "confusion as to whether [PetsWarehouse.com] is sponsoring or authorizing" products or services on Aquatic Plants Digest, FINS or any other website hosted by Mark Rosenstein.

65.    Documents or things establishing what "products" plaintiff is alleging were offered for sale utilizing plaintiff's trademark on Aquatic Plants Digest, FINS, or any other website hosted by Active Window Productions, Inc.

66.    Documents or things establishing what "services" plaintiff is alleging were offered for sale utilizing plaintiff's trademark on Aquatic Plants Digest, FINS, or any other website hosted by Active Window Productions, Inc.

DEFT EXHIBIT N

67.    Documents or things, including but not limited to expert reports, scholarly writings, affidavits or statements from consumers establishing the market confusion alleged in Paragraph 68 and elsewhere in the Amended Complaint.

68.    Documents or things, including but not limited to, expert reports and statistical models, establishing that "PetsWarehouse" is a "famous" trademark or brand name.

69.    Documents or things demonstrating the similarity of "products" sold by Mark Rosenstein that are similar to products sold by plaintiff.

70.    Documents or things demonstrating the similarity of "products" sold by Active Window Productions, Inc. that are similar to products sold by plaintiff.

71.    Documents or things establishing that Mark Rosenstein sells or offers for sale pets and/or pet supplies.

72.    Documents or things establishing that Active Window Productions, Inc. sells or offers for sale pets and/or pet supplies.

73.    The consumer study described in Paragraph 78 of the Amended Complaint.

74.    Documents and things establishing that "PetsWarehouse.com has acquired a secondary meaning in the mind of the consuming public".

75.    All examples of "plagiarized" advertising content or HTML code as alleged in Paragraph 80 of the Amended Complaint.

76.    Documents or things evidencing monies received by Mark Rosenstein as a result of the banner advertising plaintiff complains of.

13

77.  Documents or things evidencing monies received by Active Window Productions, Inc. as a result of the banner advertising plaintiff complains of.

78.  Documents and things evidencing PetsWarehouse.com "former selling power" as described in Paragraph 99 of the Amended Complaint and evidencing the decline of that selling power as a result of the acts complained of, including but not limited to:

- bank records

- sales records

- customer comment and complaint records

- books and records showing profitability

79.  Documents or things including but not limited to recordings or contemporaneous notes of telephone or face to face conversations evidencing that plaintiff Robert Novak has been "disgraced", "humiliated", "injured in his good name and reputation in the community in which he resides". [emphasis added]

80.  Documents or things establishing that Mark Rosenstein "blocked" plaintiff's emails to the Aquatic Plants Digest list serve.

81.  Documents or things establishing that Active Window Productions, Inc. "blocked" plaintiff's emails to the Aquatic Plants Digest list serve.

82.  Documents or things which establish that Mark Rosenstein knew or had reason to know that statements made by others in posts to the Aquatic Plants Digest list serve were false.

83.  Documents or things which establish that posts or statements made by others on the Aquatic Plants Digest list serve were, in fact, false.

14

DEFT EXHIBIT N

84. Documents or things which establish that Active Window Productions, Inc. knew or had reason to know that statements made by others in posts to the Aquatic Plants Digest list serve were false.

85. Documents or things which establish how Mark Rosenstein "tortiously interfered with email transmissions" as alleged in Paragraph 111 of the Amended Complaint.

86. Documents or things which establish how Active Window Productions, Inc. "tortiously interfered with email transmissions" as alleged in Paragraph 111 of the Amended Complaint.

87. Documents or things which establish that Mark Rosenstein has received either for his own benefit or held any monies collected in the name of the Defense Fund.

88. Documents or things which establish that Active Window Publications, Inc. has received either for its own benefit or held any monies collected in the name of the Defense Fund.

89. Receipts, checks, invoices and similar documents and things establishing that plaintiff has "expend[ed] hundreds of thousands of dollars in advertising promoting [sic] the Pets WareHouse mark" as alleged in Paragraph 121 of the Amended Complaint.

90. Copies of the "agreements with commercial entities" described in Paragraph 128 of the Amended Complaint to the extent that they differ from the license agreements previous produced.

91. Receipts, checks, invoices, ledger books and other records of the "revenue generated from these agreements [which] is paid to Robert Novak as commissions".

15

DEFT EXHIBIT N

92.   Copies of contracts with the "third party commissioned affiliated sellers" as described in Paragraph 129 of the Amended Complaint.

93.   Documents or things establishing that Mark Rosenstein has any control over "CompuServe's Aquaria Fish Forum", "TomsBoard", "Fishlink Central", or the "Aquarists & the Law".

94.   Documents or things establishing that Active Window Productions, Inc. has any control over "CompuServe's Aquaria Fish Forum", "TomsBoard", "Fishlink Central", or the "Aquarists & the Law".

95.   Documents or things establishing that Active Window Productions, Inc. operates a "chat room" related to the allegations in this litigation as opposed to a "list serve".

96.   Documents and things, including but not limited to order forms, invoices, bills of lading, cancelled checks or other evidence of payment, letters, emails, notes of telephone calls evidencing the existence of orders and subsequent cancellation of orders for pets and pet products as described in Paragraph 141 of the Amended Complaint.

97.   Copies of any statements made by Mark Rosenstein which "falsely misrepresented PetsWarehouse business practices".

98.   Copies of the "six so-called unhappy customer posts" described in Paragraph 147 of the Amended Complaint.

99.   Copies of the full text of all emails, described as "over fifteen hundred (1500)" referred to in Paragraph 154 of the Amended Complaint.

DEFT EXHIBIT N

100.   Documents or things that establish that Cynthia Powers, or any other person described in Paragraph 155 as "C. Powers" actually posts or publishes any email to the list serve other than those authorized by herself.

101.   Documents or things establishing the location and content of each and every "republication" of "posts" which plaintiff alleges that Active Window Productions, Inc. has "re-published".

102.   Medical records relating to diagnosis and treatment for the "headaches, nausea, nervousness, anxiety and mental distress" allegedly suffered by Robert Novak.

Dated: Melville, New York
       March 27, 2009

Respectfully submitted,

Cynthia A. Kouril (4899)
Robert L. Folks & Associates, LLP
Attorneys for Defendants
510 Broad Hollow Road, Suite 304A
Melville, New York 11747
(631) 845-1900

TO:   Robert Novak
      Plaintiff Pro Se
      1550 Sunrise Highway
      Copiague, New York 11726

17

DEFT EXHIBIT N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERT NOVAK d/b/a PetsWarehouse.com,

Plaintiff,

-against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, ROBERT HUDSON d/b/a
AQUABOTANIC.COM,

Defendants.

------------------------------------------------------------------X

Affidavit of
Service

CV 01 3566

STATE OF NEW YORK )
: ss :
COUNTY OF SUFFOLK)

TERESA M. QUAIES, being duly sworn, deposes and says:

I am not a party to the action, am over eighteen years of age, and reside at Oakdale, New York

On March 27, 2009, I served the within **Document Demand** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United State Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Robert Novak
c/o Pets Warehouse
1550 Sunrise Highway
Copiague, New York 11726

Teresa M. Quaies

Sworn to before me this
27th day of March, 2009

CYNTHIA A. KOURIL
Notary Public, State of New York
No. 02KO6024802
Qualified in Nassau County
Commission Expires May 17, 2015

DEFT EXHIBIT N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

ROBERT NOVAK, d/b/a PetsWarehouse.com,

                Plaintiff,

   -against-                           CV 01 3566

ACTIVE WINDOW PUBLICATIONS, INC.,
MARK ROSENSTEIN, ROBERT HUDSON
d/b/a AQUABOTANIC.COM,

                Defendants.
------------------------------------------------------X

## DOCUMENT DEMAND

Robert L. Folks & Associates, LLP
Attorneys for Defendants
510 Broad Hollow Road, Suite 304A
Melville, New York 11747
(631) 845-1900

TO:    Robert Novak
        Plaintiff Pro Se
        1550 Sunrise Highway
        Copiague, New York 11726