# Defendant's Exhibit

# 0

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ROBERT NOVAK d/b/a PetsWarehouse, com.,                    CV 01 3566

                                    Plaintiff,

        -against-                                         INTERROGATORIES

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA S. POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                                    Defendants.
--------------------------------------------------------------X

Mark Rosenstein and Active Window Productions, Inc., by their attorneys, Robert

L. Folks & Associates, LLP, request pursuant to Rule 33 of the Federal Rules of Civil

Procedure and the Local Civil Rules of the United States District Court for the Eastern

District of New York (hereinafter "Local Rules"), that Plaintiff Robert Novak answer the

following interrogatories within thirty (30) days of service thereof.

## DEFINITIONS & INSTRUCTIONS

1.      For purposes of this request, the definitions and rules of construction set

forth in Local Rule 26.3 shall apply.

2.      The "Complaint" shall mean the Complaint filed by Plaintiff in this action.

## INTERROGATORIES

### As To Mark Rosenstein, Individually

1)      What acts of libel is Mark Rosenstein, as an individual, alleged to have

committed? Provide a sample of each and every alleged libelous statement.

2)      To whom were these alleged libelous statements described in Paragraph 1

above published and when? Where?

3)   What actions are Mark Rosenstein alleged to have taken, as an individual, that would render him an "information content provider" under 47 USC §230.

4)   What acts is Mark Rosenstein, as an individual, alleged to have taken to modify content on the Aquatic Plant's Digest?  Give specific acts, dates, witnesses to this alleged modification and all supporting documentation including printouts of screen shots.

5)   What acts is Mark Rosenstein, as an individual, alleged to have performed which constituted editorial control over any statements alleged in the Complaint to have been libelous.  State specifically with respect to each allegedly libelous statement given: date of alleged act of editorial control and witnesses to said acts and supporting documentation such as printouts of screen shots.

<u>As to Active Window Productions, Inc.</u>

6)   What acts of libel is Active Window Productions, Inc. alleged to have committed?  Provide a sample of each and every alleged libelous statement.

7)   To whom were these alleged libelous statements described in Paragraph 6 above published and when?  Where?

8)   What actions is Active Window Productions, Inc. alleged to have taken that would render them an "information content provider" under 47 USC §230.

9.   What acts is Active Window Productions, Inc. alleged to have taken to modify content on the Aquatic Plant's Digest?  Give specific acts, dates, witness to this alleged modification and all supporting documentation including printouts of screen shots.

2

DEFT EXHIBIT O

10)     What acts is Active Window Productions, Inc. alleged to have performed which constituted editorial control over any statements alleged in the Complaint to have been libelous. State specifically with respect to each allegedly libelous statement given: date of alleged act of editorial control and witnesses to said acts and supporting documentation such as printouts of screen shots.

Dated: Melville, New York
        April 21, 2009

Yours, etc.

CYNTHIA A. KOURIL (4899)
ROBERT L. FOLKS & ASSOCIATES, LLP
Attorneys for Defendants Mark Rosenstein and
Active Windows Productions, Inc.
510 Broad Hollow Road, Suite 304A
Melville, New York 11747
(631) 845-1900

TO:     Robert Novak
        c/o Pets Warehouse
        1550 Sunrise Highway
        Copiague, New York 11726

3

DEFT EXHIBIT O

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT NOVAK d/b/a Pets Warehouse, com.      CV 01 3566

Plaintiff,

-against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

Defendants.
-------------------------------------------------------------X


## INTERROGATORIES


CYNTHIA A. KOURIL (4899)
ROBERT L. FOLKS & ASSOCIATES, LLP
Attorneys for Defendants Mark Rosenstein and
Active Windows Productions, Inc.
510 Broad Hollow Road, Suite 304A
Melville, New York 11747
(631) 845-1900


TO:    Robert Novak
       c/o Pets Warehouse
       1550 Sunrise Highway
       Copiague, New York 11726

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROBERT NOVAK d/b/a Pets Warehouse, com.       CV 01 3566

                               Plaintiff,

      -against-                     **REQUEST FOR**
                                   **ADMISSIONS**

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                          Defendants.
------------------------------------------------------------X

      Mark Rosenstein, individually, and Active Window Productions, Inc. hereby request of the Plaintiff admissions pursuant to FRCP Rule 36 of the following facts and applications of law:

### INSTRUCTIONS

      For every matter not admitted the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter and when good faith requires that the Plaintiff qualify an answer or deny only part of a matter, that answer must specify the part admitted and qualify or deny the rest. The ground for objecting to a specific request to admit must be individually stated. A party may not object solely on the ground that the request presents a genuine issue for trial. A matter is admitted unless, within thirty (30) days after being served, the party to whom the request is directed served upon the requesting party a written answer or objection as described above, signed by the party or the party's attorneys.

## REQUESTS FOR ADMISSIONS

1)   Mark Rosenstein, as an individual, has made no libelous statements concerning Plaintiff or Plaintiff's business.

2)   No libelous statements about Plaintiff or Plaintiff's business were "published" by Mark Rosenstein.

3)   Mark Rosenstein, as an individual, is not an "information content provider" under 47 USC §230, with respect to the acts complained of by Plaintiff in this action..

4)   Mark Rosenstein, as an individual, took no actions to modify content on the Aquatic Plant's Digest?

5)   Mark Rosenstein, as an individual, exercises no editorial control over any statements alleged in the Complaint to have been libelous or any other statements on the Aquatic Plants Digest.

### As to Active Window Productions, Inc.

6)   Active Window Productions, Inc. mad no libelous statements about Plaintiff or Plaintiff's business.

7)   No libelous statements about Plaintiff or Plaintiff's business were "published" by Active Windows Productions, Inc.

8)   Active Window Productions, Inc. is not an "information content provider" under 47 USC §230.

9.   Active Window Productions, Inc. took no actions to modify content on the Aquatic Plant's Digest.

2

10)    Active Window Productions, Inc. exercises no editorial control over any statements alleged in the Complaint to have been libelous or any other statements on the Aquatic Plants Digest.

11.    Robert Novak's medical condition pre-dated the events described in the Complaint.

12.    The illnesses, including mental illnesses, described in the Complaint were in existence prior to the events described in the Complaint.

13.    No diagnoses has been made linking illness in Robert Novak to the events described in the Complaint.

14.    Plaintiff possesses no financial documents which would be admissible to prove that Plaintiff suffered any financial harm relating to the events described in the Complaint.

Dated: Melville, New York
           April 21, 2009

                                         Yours, etc.

                                         _____
                                         CYNTHIA A. KOURIL (4899)
                                         ROBERT L. FOLKS & ASSOCIATES, LLP
                                         Attorneys for Defendants Mark Rosenstein and
                                         Active Windows Productions, Inc.
                                         510 Broad Hollow Road, Suite 304A
                                         Melville, New York 11747
                                         (631) 845-1900

TO:    Robert Novak
           c/o Pets Warehouse
           1550 Sunrise Highway
           Copiague, New York 11726

DEFT EXHIBIT O

UNITED STATES DISTRICT COURTE
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ROBERT NOVAK d/b/a PetsWarehouse, com.,                    CV 01 3566

                                    Plaintiff,

        -against-                                          INTERROGATORIES

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA S. POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                                    Defendants.
----------------------------------------------------------------------X

        Mark Rosenstein and Active Window Productions, Inc., by their attorneys, Robert

L. Folks & Associates, LLP, request pursuant to Rule 33 of the Federal Rules of Civil

Procedure and the Local Civil Rules of the United States District Court for the Eastern

District of New York (hereinafter "Local Rules"), that Plaintiff Robert Novak answer the

following interrogatories within thirty (30) days of service thereof.

## DEFINITIONS & INSTRUCTIONS

        1.      For purposes of this request, the definitions and rules of construction set

forth in Local Rule 26.3 shall apply.

        2.      The "Complaint" shall mean the Complaint filed by Plaintiff in this action.

## INTERROGATORIES

### As To Mark Rosenstein, Individually

        1)      What acts of libel is Mark Rosenstein, as an individual, alleged to have

committed? Provide a sample of each and every alleged libelous statement.

        2)      To whom were these alleged libelous statements described in Paragraph 1

above published and when? Where?

3)     What actions are Mark Rosenstein alleged to have taken, as an individual, that would render him an "information content provider" under 47 USC §230.

4)     What acts is Mark Rosenstein, as an individual, alleged to have taken to modify content on the Aquatic Plant's Digest?  Give specific acts, dates, witnesses to this alleged modification and all supporting documentation including printouts of screen shots.

5)     What acts is Mark Rosenstein, as an individual, alleged to have performed which constituted editorial control over any statements alleged in the Complaint to have been libelous.  State specifically with respect to each allegedly libelous statement given: date of alleged act of editorial control and witnesses to said acts and supporting documentation such as printouts of screen shots.

<u>As to Active Window Productions, Inc.</u>

6)     What acts of libel is Active Window Productions, Inc. alleged to have committed?  Provide a sample of each and every alleged libelous statement.

7)     To whom were these alleged libelous statements described in Paragraph 6 above published and when?  Where?

8)     What actions is Active Window Productions, Inc. alleged to have taken that would render them an "information content provider" under 47 USC §230.

9.     What acts is Active Window Productions, Inc. alleged to have taken to modify content on the Aquatic Plant's Digest?  Give specific acts, dates, witness to this alleged modification and all supporting documentation including printouts of screen shots.

DEFT EXHIBIT O

10)     What acts is Active Window Productions, Inc. alleged to have performed which constituted editorial control over any statements alleged in the Complaint to have been libelous. State specifically with respect to each allegedly libelous statement given: date of alleged act of editorial control and witnesses to said acts and supporting documentation such as printouts of screen shots.

Dated: Melville, New York
       April 21, 2009

                    Yours, etc.

                    _____
                    CYNTHIA A. KOURIL (4899)
                    ROBERT L. FOLKS & ASSOCIATES, LLP
                    Attorneys for Defendants Mark Rosenstein and
                    Active Windows Productions, Inc.
                    510 Broad Hollow Road, Suite 304A
                    Melville, New York 11747
                    (631) 845-1900


TO:    Robert Novak
       c/o Pets Warehouse
       1550 Sunrise Highway
       Copiague, New York 11726

3

DEFT EXHIBIT O

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT NOVAK d/b/a Pets Warehouse, com.          CV 01 3566

                          Plaintiff,


      -against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                          Defendants.
------------------------------------------------------------X


## INTERROGATORIES


CYNTHIA A. KOURIL (4899)
ROBERT L. FOLKS & ASSOCIATES, LLP
Attorneys for Defendants Mark Rosenstein and
Active Windows Productions, Inc.
510 Broad Hollow Road, Suite 304A
Melville, New York 11747
(631) 845-1900


TO:    Robert Novak
       c/o Pets Warehouse
       1550 Sunrise Highway
       Copiague, New York 11726


DEFT EXHIBIT O

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

ROBERT NOVAK d/b/a Pets Warehouse, com.          CV 01 3566

                            Plaintiff,

        -against-                                **REQUEST FOR
                                                 ADMISSIONS**

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                            Defendants.
--------------------------------------------------------------X

        Mark Rosenstein, individually, and Active Window Productions, Inc. hereby

request of the Plaintiff admissions pursuant to FRCP Rule 36 of the following facts and

applications of law:

## INSTRUCTIONS

        For every matter not admitted the answer must specifically deny it or state in

detail why the answering party cannot truthfully admit or deny it. A denial must fairly

respond to the substance of the matter and when good faith requires that the Plaintiff

qualify an answer or deny only part of a matter, that answer must specify the part

admitted and qualify or deny the rest. The ground for objecting to a specific request to

admit must be individually stated. A party may not object solely on the ground that the

request presents a genuine issue for trial. A matter is admitted unless, within thirty (30)

days after being served, the party to whom the request is directed served upon the

requesting party a written answer or objection as described above, signed by the party or

the party's attorneys.

**REQUESTS FOR ADMISSIONS**

1)    Mark Rosenstein, as an individual, has made no libelous statements concerning Plaintiff or Plaintiff's business.

2)    No libelous statements about Plaintiff or Plaintiff's business were "published" by Mark Rosenstein.

3)    Mark Rosenstein, as an individual, is not an "information content provider" under 47 USC §230, with respect to the acts complained of by Plaintiff in this action..

4)    Mark Rosenstein, as an individual, took no actions to modify content on the Aquatic Plant's Digest?

5)    Mark Rosenstein, as an individual, exercises no editorial control over any statements alleged in the Complaint to have been libelous or any other statements on the Aquatic Plants Digest.

<u>As to Active Window Productions, Inc.</u>

6)    Active Window Productions, Inc. mad no libelous statements about Plaintiff or Plaintiff's business.

7)    No libelous statements about Plaintiff or Plaintiff's business were "published" by Active Windows Productions, Inc.

8)    Active Window Productions, Inc. is not an "information content provider" under 47 USC §230.

9.    Active Window Productions, Inc. took no actions to modify content on the Aquatic Plant's Digest.

2

10)    Active Window Productions, Inc. exercises no editorial control over any statements alleged in the Complaint to have been libelous or any other statements on the Aquatic Plants Digest.

11.    Robert Novak's medical condition pre-dated the events described in the Complaint.

12.    The illnesses, including mental illnesses, described in the Complaint were in existence prior to the events described in the Complaint.

13.    No diagnoses has been made linking illness in Robert Novak to the events described in the Complaint.

14.    Plaintiff possesses no financial documents which would be admissible to prove that Plaintiff suffered any financial harm relating to the events described in the Complaint.

Dated: Melville, New York
       April 21, 2009

                              Yours, etc.


                              _____
                              CYNTHIA A. KOURIL (4899)
                              ROBERT L. FOLKS & ASSOCIATES, LLP
                              Attorneys for Defendants Mark Rosenstein and
                              Active Windows Productions, Inc.
                              510 Broad Hollow Road, Suite 304A
                              Melville, New York 11747
                              (631) 845-1900


TO:    Robert Novak
       c/o Pets Warehouse
       1550 Sunrise Highway
       Copiague, New York 11726


                              3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT NOVAK d/b/a Pets Warehouse, com.       CV 01 3566

                       Plaintiff,

   -against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                       Defendants.
-----------------------------------------------------------------X

## REQUEST FOR ADMISSIONS

CYNTHIA A. KOURIL (4899)
ROBERT L. FOLKS & ASSOCIATES, LLP
Attorneys for Defendants Mark Rosenstein and
Active Windows Productions, Inc.
510 Broad Hollow Road, Suite 304A
Melville, New York 11747
(631) 845-1900

TO:    Robert Novak
       c/o Pets Warehouse
       1550 Sunrise Highway
       Copiague, New York 11726

DEFT EXHIBIT O

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROBERT NOVAK d/b/a Pets Warehouse, com.          CV 01 3566

                              Plaintiff,

                                                 **DEFENDANTS'**
    -against-                                    **REQUEST FOR**
                                                 **PRODUCTION OF**
ACTIVE WINDOW PRODUCTIONS, INC.,                 **DOCUMENTS AND**
MARK ROSENSTEIN, CYNTHIA POWERS,                 **THINGS RELATING TO**
DAN RESLER, JARED WEINBERGER,                    **MEDICAL RECORDS**
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                              Defendants.
----------------------------------------------------------------X

PLEASE   TAKE   NOTICE,   that   Defendants,   ACTIVE   WINDOW

PRODUCTIONS, INC., and MARK ROSENSTEIN, by their attorneys Robert L. Folks

& Associates, LLP, hereby request pursuant to §§ 26 and 34(a) the Federal Rules of Civil

Procedure, that plaintiffs produce the following documents and things, and make them

available for inspection and copying by defendants no later than fourteen (14) days after

being served, at the offices of Robert L. Folks & Associates, LLP, 510 Broad Hollow

Road, Suite 304A, Melville, New York 11747.

## DEFINITIONS AND INSTRUCTIONS

Unless specifically indicated or otherwise required by the context in which the

terms, name and instructions are used the following definitions and instructions shall be

applicable to this Notice for Discovery and Inspection.

1.  The term "document" means all writings of any kind including without limitation change orders; studies; messages; correspondence; memoranda; notes; diaries; logs; statistics; letters; telegrams; minutes; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; news articles; prospectuses; inter-office and intra-office communications; offers; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; computer records printouts; teletypes; telefax; mailgrams; invoices; worksheets; and all drafts, alterations, modifications, changes and amendments of any kind; and electronic, mechanical or electrical records or representations of any kind including without limitation tapes; cassettes; discs'; hard drives and recordings; proposals; solicitation sheets; applications and/or certifications for payment.

2.  The term "possession, custody or control" includes without limitation possession, custody or control of plaintiffs or any persons or entities acting or purporting to act on behalf of plaintiffs whether as agent, accountant, employee, attorney, sponsor, spokesman or otherwise.

3.  The term "and" and "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

4.  The use of the singular shall include the plural and vice versa, and the use of the masculine shall include the feminine and vice versa as the context requires.

5.  In the event that any document called for by this Notice for Discovery and Inspection is not produced:

    (a) Identify each such document;

2

(b)  Set forth the reason why the document has not been produced (e.g.,
not in your custody, possession or control; destruction; claim of privilege);

      (i)  If the document is not produced on the basis of a claim of
privilege, set forth the nature of the privilege asserted and the relationship to plaintiffs of
each person or entity to whom each such document was transmitted or shown or to whom
the information therein was disclosed; and

      (ii)  If the document is in the possession of a person or business
entity other than plaintiffs over which plaintiffs have no control:

    (A)  Set forth whether and when the document was in
your possession;

    (B)  Set forth what disposition was made of the
document; and

    (C)  Identify the person or entity which is presently in
possession of the document;

   (iii)  If the document was destroyed:

    (A)  Set forth the date of destruction;

    (B)  Set forth the manner of destruction;

    (C)  Set forth the reason for destruction;

    (D)  Set forth the name and address of the person
authorizing the destruction; and

    (E)  Set forth the name and address of the person
destroying the document.

6.  For documents produced:

    (A)  Set forth the text of the numbered request.

    (B)  Set forth a description of the documents being produced in
response to the individual numbered requests.

3

## DOCUMENTS AND THINGS DEMANDED

1)   Records relating to any and every psychiatric or psychological diagnoses or treatment rendered to Mr. Novak for the mental distress and related afflictions described in Paragraph 46 of the Complaint.

Attached hereto is a blank form of medical authorization. Plaintiff can reproduce this form as many times as necessary to provide individual authorization for each health case provider.

2)   Records relating to any and every diagnoses or treatment for the physical ailments described in Paragraph 46 of the Complaint.

Attached hereto is a blank form of medical authorization. Plaintiff can reproduce this form as many times as necessary to provide individual authorization for each health case provider.

3.   Records relating to each and every prescription drug or treatment provided to Plaintiff to alleviate any of the conditions or maladies described in Paragraph 46 of the Complaint.

Attached hereto is a blank form of medical authorization. Plaintiff can reproduce this form as many times as necessary to provide individual authorization for each health case provider.

4.   Medical records of any kind relating to any and all pre-existing condition which Plaintiff suffered from at the time of the events described in the Complaint.

4

Attached hereto is a blank form of medical authorization. Plaintiff can reproduce this form as many times as necessary to provide individual authorization for each health case provider.

Dated: Melville, New York
   April 21, 2009

       Yours, etc.

       CYNTHIA A. KOURIL (4899)
       ROBERT L. FOLKS & ASSOCIATES, LLP
       Attorneys for Defendants Mark Rosenstein and
       Active Windows Productions, Inc.
       510 Broad Hollow Road, Suite 304A
       Melville, New York 11747
       (631) 845-1900

TO: Robert Novak
   c/o Pets Warehouse
   1550 Sunrise Highway
   Copiague, New York 11726

5

DEFT EXHIBIT O

Robert L. Folks & Associates, LLP

[Doctor Name]

510 Broad Hollow Road, Suite 304A
Melville, NY 11747
Phone: 631-845-1900
Fax: 631-845-8779

# AUTHORIZATION TO RELEASE HEALTHCARE INFORMATION

Patient's Name:    Robert Novak                      Date of Birth: _____

Previous Name: _____    Social Security #: _____

I request and authorize _____ to
release healthcare information of the patient named above to:

     Name:    Robert L. Folks & Associates, LLP _____

     Address:    510 Braod Hollow road, Suite 304 A _____

     City:    Melville _____    State: __N.Y.__    Zip Code: __11747__

This request and authorization applies to:

☐ Healthcare information relating to the following treatment, condition, or dates: _____

_____

☐ All healthcare information

☐ Other: _____

**Definition:** Sexually Transmitted Disease (STD) as defined by law, RCW 70.24 et seq., includes herpes, herpes simplex, human papilloma virus, wart, genital wart, condyloma, Chlamydia, non-specific urethritis, syphilis, VDRL, chancroid, lymphogranuloma venereuem, HIV (Human Immunodeficiency Virus), AIDS (Acquired Immunodeficiency Syndrome), and gonorrhea.

☐ Yes ☐ No    I authorize the release of my STD results, HIV/AIDS testing, whether negative or positive, to the person(s) listed above. I understand that the person(s) listed above will be notified that I must give specific written permission before disclosure of these test results to anyone.

☐ Yes ☐ No    I authorize the release of any records regarding drug, alcohol, or mental health treatment to the person(s) listed above.

Patient Signature: _____    Date Signed: _____

THIS AUTHORIZATION EXPIRES NINETY DAYS AFTER IT IS SIGNED.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT NOVAK d/b/a Pets Warehouse, com.      CV 01 3566

Plaintiff,

   -against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

Defendants.
------------------------------------------------------------X

## DEFENDANTS' REQUEST FOR PRODUCTION
## OF DOCUMENTS AND
## THINGS RELATING TO MEDICAL RECORDS

CYNTHIA A. KOURIL (4899)
ROBERT L. FOLKS & ASSOCIATES, LLP
Attorneys for Defendants Mark Rosenstein and
Active Windows Productions, Inc.
510 Broad Hollow Road, Suite 304A
Melville, New York 11747
(631) 845-1900

TO:    Robert Novak
       c/o Pets Warehouse
       1550 Sunrise Highway

DEFT EXHIBIT O

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ROBERT NOVAK d/b/a PetsWarehouse.com,                    Affidavit of
                                                        Service
                        Plaintiff,
                                                        CV 01 3566
        -against-

ACTIVE WINDOW PRODUCTIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                        Defendants.
--------------------------------------------------------------------X

STATE OF NEW YORK )
                  : ss :
COUNTY OF SUFFOLK)

        TERESA M. QUAIES, being duly sworn, deposes and says:

        I am not a party to the action, am over eighteen years of age, and reside at
Oakdale, New York

        On April 21 2009, I served the within **INTERROGATORIES, REQUEST FOR
ADMISSIONS and DEFENDANTS' REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS RELATING TO MEDICAL RECORDS** by
depositing a true copy thereof in an official depository under the exclusive care and
custody of the United Parcel Service, Tracking No. 1Z F08 A49 22 1002 3354, addressed
to each of the following persons at the last known address set forth after each name:

                Robert Novak
                c/o Pets Warehouse
                1550 Sunrise Highway
                Copiague, New York 11726


                                        _Teresa M. Quaies_
                                        Teresa M. Quaies

Sworn to before me this
21st day of April, 2009

_____
        CYNTHIA A. CIBRIL
Notary Public State of New York
        No. 02RC6024802
    Qualified in Nassau County
Commission Expires May 17, 20/5

# Defendant's

# Exhibit

# P

# ROBERT L FOLKS & ASSOCIATES, LLP
## ATTORNEY AT LAW

### 510 Broad Hollow Road, Suite 304A
### Melville, New York 11747

**ROBERT L. FOLKS**
**CYNTHIA A. KOURIL**

(631) 845-1900
Telecopier: (631) 845-8779

**THOMAS L. COSTA**
Of Counsel

May 7, 2009

Robert Novak
c/o Pets Warehouse
1550 Sunrise Highway
Copiague, New York 11726

Re:   *Novak v. Active Window Productions, Inc. & Mark Rosenstein*

Mr. Novak:

Please be advised that your backdated "Initial Disclosures" transmitted to this firm via facsimile on April 30, 2009, is defective in several regards:

1)   This firm has notified you in writing on more than one occasion that we do not accept service via facsimile. Under Rule 5(b)(2)(E) written permission of the recipient is required for valid service by electronic means. We have repeatedly informed you that we DO NOT consent to service in this manner. Please consult Rule 5 for valid means of service.

2)   The document is not signed. As we have previously informed you, Rule 26(g) requires every discovery request, response or objection to be signed either by the attorney of record or by the party promulgated such device. Pursuant to Rule 26(g)(2) "other parties have no duty to act on an unsigned discovery request, response or objection until it is signed and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention".

Mr. Novak, I notified you of this requirement when you promulgated your unsigned discovery demands. In view of such prior admonition, it is fair to infer that your failure to sign, like your failure to honor our refusal to consent to facsimile, is willful, harassing and contumacious.

3) Your automatic disclosures are a non-sequitur.

  a) Rule 26(a) requires you to list all persons who have discoverable information, a larger group than your witness list for trial. Failure to provide those names now, unless they were unknown and unknowable to you, preclude you from "reserving the right to call at trial any or different witnesses, etc."

  b) There is no description of the documents "kept during the normal course of business". Defendants and the court are not supposed to "guess" about what documents you keep, you are supposed to tell us what they are, either by providing copies or <u>describing by category</u> what documents are available.

  Also, you reserve the right to provide copies at a "later time in response to specific requests"? You have all the specific requests, and responses to them are past due. They were in your hands <u>before</u> you faxed this document.

  c) Computation of Damages:

  Defendant's accounting information was served upon you prior to the faxing of this document. You have already received the very documentation you claim to need to do this computation.

  PLEASE TAKE NOTICE, that unless all of these defects are promptly remedied defendant will move for an order precluding the use of any information which you have failed to provide in your flagrantly abusive "automatic disclosure and to preclude any use of proof reasonably flowing from the willful failure to disclose.

CYNTHIA A. KOURIL

CAK:rq

**UNITED STATES DISTRICT COURT**
**Eastern District of New York**
-------------------------------------------------X

Robert Novak

      Plaintiff,

                                       CV01 3566
                                         Plaintiff's Initial
                                        Disclosures Pursuant to
                                        Fed. R. CIV. P. 26(a)(1)

V

Active Window Productions, Inc.,
Mark Rosenstein

      Defendants

-------------------------------------------------X

Pursuant to Fed. R. IV. P. 26(a), and based on information reasonably available to him, Plaintiff Robert Novak, makes the following initial disclosures:

    (a)   The individual to have discoverable information to support its claims, defenses and damages.

         Robert Novak
         1550 Sunrise Hwy
         Copiague NY 11726

    Accordingly, Robert Novak hereby reserves its right to supplement this list of witnesses, to call at trial or for deposition any or different witness, including rebuttal and impeachment witnesses, or to present additional or different witnesses or testimony arises, Plaintiff also reserves the right to supplement this list and to call at trial any witness designated by Defendant. Moreover, to the extent Defendant does not call at trial any or all of its disclosed witnesses, R. Novak reserves the right to introduce portions of those witnesses' depositions at trial.

(b)   Description of documents.

    Documents that are kept during the normal course of business. They are in hard copy and EDI format.
Documents reguarding the Trademark Pets Warehouse®.

They are located at:

Pets Warehouse
1550 Sunrise Hwy
Copiague NY 11726

Plaintiff hereby reserves its right to provide copies of such documents
at a later time, in response to specific Requests for Documents, as
promulgated by the defendant in this matter.

[c] Computation of damages

Until such time that defendant provides information during discovery
Plaintiff cannot compute accurate damages.

(d) Insurance

Plaintiff has no insurance related to coverage in this matter.

October 30, 2008
Respectfully submitted,


Robert Novak