UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

SEP 14 2009

LONG ISLAND OFFICE

------------------------------------------------------------x
ROBERT NOVAK, d/b/a PetsWarehouse.com
                Plaintiff,

-against-                     No. CV 01 3566
                                  (DLI)(WDW)

ACTIVE WINDOW PUBLICATIONS, INC.,
ROBERT HUDSON d/b/a AQUABOTANIC.COM
                Defendants,
------------------------------------------------------------x

## OPPOSITION TO DEFENDANTS MOTION FOR SANCTIONS, DISMISSAL AND ATTORNEY COSTS

Robert Novak plaintiff *pro se* opposes the defendants motion as follows;

1. Defense counsel launched into this unnecessary motion based upon its own failures.

2. In the May 19, 2009 hearing/conference I stated on the record that I didn't receive the defendant's discovery requests. Ms. Kouril agreed to resend them, she failed to do so.

3. It was not until I received this motion, then only as an exhibit "O" did plaintiff receive defendants request for interrogatories, admissions and release for medical records on August 14, 2009.

4. In fact according to this Courts Order of May 19th parties have until September 30, 2009 to complete discovery. Therefore, this motion is premature its time has not yet ripened. Further, the Court said that's why I'm giving both parties until then to complete discovery.

5. Defendants sat on their hands for three months! Rather than wasting the resources of the Court why didn't they do the following?

   a. Pickup the phone or send a letter and ask me what the status was, ask - when can I expect your answers. Did you receive them?

6. Rather then follow standard professional courtesy they fire off another motion.

7. It is my belief they sought further delay as they did with their frivolous motion about proper party in interest, who owns the Trademark, all of which was denied by this Court, as they did with not answering the amended complaint, refusing to discuss settlement of this case all of which burned several years delaying and wasting time prejudicing plaintiffs case.

8. As this Court is aware Plaintiff has litigated against other defendants. I have always had open lines of communication phone, email & letter which helped move things forward to their respective conclusions with those defendants.

9. Apparently Ms. Kouril has taken a different stance and severed all normal communications with Plaintiff. Choosing instead to file an extensive motion again. This Court may recall her voluminous 8 pound Motion at which time the Court admonished her Motion practice.

10. The Court should also be aware that defendants have only completed the production of documents requested in December 2008 on August 7, 2009, some eight months belated. Exhibit "A". Yet she states in ¶ 35 of her moving papers "defendants are current in their discovery obligations", being 8 months late should not be used in the context of *current*.

11. Moreover, now that on August 14, 2009 plaintiff receiving as stated above the defendants discovery requests they have since been completed and served upon Ms. Kouril. Exhibit "B" sworn affidavit.

12. Robert Novak has completed his discovery requests prior to Sept 30th, the motion is moot.

13. Defendant also alleges that the Plaintiff's Initial Disclosures are unsigned and incomplete, this is incorrect.

14. They were signed, and are complete. Pending completion of discovery including but not limited to the deposition of Mark Rosenstein yet to be completed prior to September 30th they may be further amended.

15. An amended Initial Disclosures was filed with Court in anticipation of such an allegation. see exhibit "C" stamped by the clerk.

Therefore, defendant's motion should be dismissed in all respects.

Respectfully Submitted,

Robert Novak
September 11, 2009

# ROBERT L FOLKS & ASSOCIATES, LLP
## ATTORNEY AT LAW

**510 Broad Hollow Road, Suite 304A**
**Melville, New York 11747**

**ROBERT L. FOLKS**
**CYNTHIA A. KOURIL**

(631) 845-1900
Telecopier: (631) 845-8779

**THOMAS L. COSTA**
Of Counsel

August 7, 2009

Robert Novak
c/o Pets Warehouse
1550 Sunrise Highway
Copiague, New York 11726

Re:  *Novak v. Active Window Productions, Inc. & Mark Rosenstein*

Mr. Novak:

Enclosed please find the privilege log associated with the 2003 documents previously produced to you.

Respectfully submitted,

CYNTHIA A. KOURIL

CAK:rg

EXB 'A'

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ROBERT NOVAK, d/b/a PetsWarehouse.com
                                Plaintiff,

-against-                                           No. CV 01 3566
                                                       (DLI)(WDW)

ACTIVE WINDOW PUBLICATIONS, INC.,
ROBERT HUDSON d/b/a AQUABOTANIC.COM
                                Defendants,
------------------------------------------------------------x

Affidavit

Plaintiff Robert Novak received Defendants discovery requests August 14, 2009 all discovery requests have been completed and served upon Defendant.

"I declare under penalty of perjury that the foregoing is true and correct."

Executed on September 11, 2009

*[signature]*
Robert Novak

EXB 'B'

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N

★ MAY 19 2009

LONG ISLAND OFFIC

**UNITED STATES DISTRICT COURT
Eastern District of New York**

-----------------------------------------------------X

Robert Novak

      Plaintiff,

CV01 3566
Plaintiff's Amended
Disclosures

Active Window Productions, Inc.,
Mark Rosenstein

      Defendants

-----------------------------------------------------X

Pursuant to Fed. R. IV. P. 26(a), and based on information reasonably available to him at this time, Plaintiff Robert Novak, makes the following initial disclosures:

(a)    The individual to have discoverable information to support its claims, defenses and damages.

> Robert Novak
> 1550 Sunrise Hwy
> Copiague NY 11726

Accordingly, Robert Novak hereby reserves its right to supplement this list of witnesses, to call at trial or for deposition any or different witness, including rebuttal and impeachment witnesses, or to present additional or different witnesses or testimony arises, Plaintiff also reserves the right to supplement this list and to call at trial any witness designated by Defendant. Moreover, to the extent Defendant does not call at trial any or all of its disclosed witnesses, R. Novak reserves the right to introduce portions of those witnesses' depositions at trial.

(b)    Description of documents.

Documents that are kept during the normal course of business. They are in hard copy and EDI format.

Documents regarding the Trademark Pets Warehouse®.

*Ex 6 'C"*

Internet screen captures of Defendants' website.

Internet forum posts.

Emails

They are located at:

Pets Warehouse
1550 Sunrise Hwy
Copiague NY 11726

Plaintiff hereby reserves its right to provide copies of such documents at a later time, in response to specific Requests for Documents, as promulgated by the defendant in this matter.

[c] Computation of damages

Until such time that defendant provides and Plaintiff analyzes information during discovery Plaintiff cannot compute accurate damages.
Additionally documents expected from John Benn a witness will take additional time due to fact that he is incapacitated and his files are now in the hands of Brian Hamilton an attorney directed by the State of Alabama to handle all his cases and oversee his files.
Further, certain damages are to be determined by a jury.

(d) Insurance

Plaintiff has no insurance related to coverage in this matter.

May 18, 2009
Respectfully submitted,

Robert Novak