UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT NOVAK d/b/a Pets Warehouse, com.        CV 01 3566

                              Plaintiff,

   -against-                                                       **AFFIRMATION OF**
                                                        **CYNTHIA A. KOURIL**

ACTIVE WINDOW PUBLICATIONS, INC.,
MARK ROSENSTEIN, CYNTHIA POWERS,
DAN RESLER, JARED WEINBERGER,
THOMAS BARR, "JOHN DOE" and "MARY DOE",

                              Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK )
                     :ss:
COUNTY OF SUFFOLK)

       CYNTHIA A. KOURIL, an attorney duly admitted and licensed to practice before the Courts of this jurisdiction, hereby affirms under penalty of perjury:

       1)     I am a member of Robert L. Folks & Associated, LLP, attorneys for Mark Rosenstein and Active Window Productions, Inc., miscaptioned as Active Window Publications", (hereinafter the AWP defendants).

       2)     I am fully familiar with the facts and circumstances relayed herein as they deal with the civil procedure matters of motion practice associated with this case.

       3)     I submit this affirmation in reply to Plaintiff's opposition to Defendant's motion for Sanctions.

       4)     Contrary to Plaintiff's assertion in his affidavit, I never agreed to re-serve Defendant's discovery demands on Plaintiff. At the May 19, 2009 appearnce before this court, Mr.. Novak alleged to me that he had not received the April 2009 discovery demands. I told him that I did not believe him and that I had sent them via UPS for the

express purpose of having tracking information and would check that information and only if UPS confirmed to me a failure of delivery, would I send a second set.

5) When I returned to the office, I had the tracking information checked and as expected, it indicated that the package had been signed for by "Novak".

6) Knowing that it had indeed been received by Novak, I took no further action, seeing no reason to a) drive up my client's costs any further with another copying job and UPS shipping fees, or b) giving sanction or validation to Mr. Novak's transparent delay tactic.

7) Upon receiving Plaintiff's papers in opposition to the instant motion, I had UPS fax a written confirmation of the tracking information showing the delivery of the April 2009 discovery demands at 9:48 AM on 4/22/09, with the shipment signed for by "Novak". That written confirmation and a copy of the affidavit of service showing that tracking number are attached hereto as Exhibit A.

8) Attached hereto as Exhibit B are the totality of the "discovery responses" submitted by plaintiff with his opposition papers. They are clearly inadequate on their face and do not address the substance of the detailed and specific discovery demands made upon Plaintiff in March 2009 and in April 2009 (Ex. O in Defendant's initial moving papers). Nor does the amended initial disclosure meet the requirements of Rule 26 (a) (1).

9) Absurdly, the Authorization to Release Healthcare Information does not list the name or address of a single doctor, hospital, pharmacy or other health care provider. Absent such information either in a discovery response or on the face of the

releases themselves (plaintiff submitted only one), the document signed by plaintiff is utterly useless.

10) Nowhere in his opposition does Mr. Novak allege that he has produced even one of the documents demanded in Defendant's March 2009 Document Demand (Ex. N to Defendant's original moving papers), nor can he since Plaintiff has not produced a single scrap of paper in response to that detailed and specific demand, not one page!

11) The time for Plaintiff to respond to Defendant's Request for Admissions expired long, long ago. Even if calculated from the 8/14/09 date that plaintiff admits to having it in his hands, the 20 day period to respond expired on 9/4/09.

12) Plaintiff's current "discovery responses" are so grossly inadequate on their face as to make a mockery of the Rules of Civil Procedure and of this court and demonstrate that Plaintiff's true purpose in bringing this suit is to punish defendant's by forcing them to expend as much money as possible to defend. It is clear this is a further delay tactic.

Wherefore, defendant's respectfully urge that the instant motion be granted in its entirety.

9-14-09

Cynthia A. Kouril (CAK-4899)

3