## ROBERT L. FOLKS & ASSOCIATES, LLP
ATTORNEYS AT LAW

510 Broad Hollow Road, Suite 304A
Melville, New York 11747

ROBERT L. FOLKS
CYNTHIA A. KOURIL

(631) 845-1900
Telecopier: (631) 845-8779

Thomas L. Costa
   Of Counsel

November 23, 2009

Honorable Dora L. Irizarry
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Pre-Motion Letter*
     *Novak v. Active Window Publications, Inc., et al.*
     *Index No. CV 01 3566*

Dear Judge Irizarry:

  Pursuant to Rule IV.A.2-.3, I am writing to request a Pre-Motion Conference in an anticipation of making a Motion for Summary Judgment.

  There are several bases for this motion.

    1. Requests for Admissions and other discovery demands were served on plaintiff in April 2009. U.P.S. tracking information indicates that they were delivered at 9:48 AM on April 22, 2009 and signed for by "Novak". Consequently, the 30-day period to respond pursuant to Rule 36 would have ended on May 22nd.

    The Requests for Admissions contained a Notice that instructed "A matter is deemed admitted unless, within thirty days after being served, the party to whom the request is directed sends upon the requesting party a written answer or objection as described above, signed by the party or the party's attorneys." This was done in accordance with standards for Requests for Admissions directed at pro se litigants. <u>Diggs v. Keller</u>, 181 F.R.D. 468 (Dist.Nev.1998)

No response whatsoever to the Request for Admission was made in May, June, July or August. Nor were any of defendant's other discovery requests complied with, see, #2 *infra*.

On August 14, 2009, defendants made a motion to compel disclosure or for discovery sanctions in the alternative.

In opposition to that motion, on September 14, 2009, plaintiff falsely declared that no such discovery demands or requests had been served upon him and he submitted a completely unresponsive "Answer to Interrogatories" and a single medical authorization without any doctor or pharmacist listed on it. See, docket entry #181, defendant's Reply Affirmation to plaintiff Robert Novak's Opposition to defendant's Motion for Sanctions) and exhibits attached thereto.

The "denials" on page 4 of Exhibit B to docket #180 (plaintiff's Reply Opposition to defendant's Motion for Sanctions) are not only several months too late, they completely fail to meet the standard of FRCP 36(a)(6). See, USA v. Delbridge, 101 A.F.T.R.2d (RIA) 1519, 2008, U.S. Dist. Lexis 29798, page 4 (M.D.Ga. 2008).

Defendant's discovery sanctions motion was granted in that Magistrate Judge Wall issued a preclusion order limiting both sides to the discovery produced to day. Defendant has produced literally tens of thousands of pages of documents in response to plaintiff's discovery demands and a long list of fact witnesses.

Since the request for admissions goes to every element on which plaintiff bears the burden of proof, plaintiff cannot now oppose those admissions and summary judgment may be had upon them. This is well settled. Walsh v. Conn. Mut. Life, 26 F.Supp. 566, 573 (E.D.N.Y. 1939).

2.  Plaintiff failed to provide names of witnesses other than himself; failed to provide financial data to show his damages; failed to provide any evidence of defamatory conduct by Mark Rosenstein or Active Window Productions, Inc., not protected by the Electronic Communications Decency Act 47 USC §230. He failed to produce evidence showing any act by Rosenstein or AWP to infringe upon his alleged trademark and failed to provide discovery relating to his alleged mental and physical suffering.

In short, plaintiff has failed to disclose admissible evidence to support his burden of proof, other than his own uncorroborated testimony. For example, plaintiff alleges all manner of emotional distress, etc., in his Complaint, yet his medical authorization does not permit the release of "drug, alcohol, mental health information".

        Since the two preclusion orders issued by Judge Wall limit plaintiff's proof at trial or Summary Judgment to evidence already produced in discovery, plaintiff cannot offer proof other than his own uncorroborated testimony that is often contradicted by other documentary evidence. Plaintiff would be unable to meet his burden of proof.

        3.    Plaintiff did not seek to depose any of the witnesses listed in defendant's automatic disclosure other than defendant Rosenstein. Therefore, Judge Wall's Order does not preclude affidavits from those witnesses.

Please be advised that defendants are waiting for two other pieces of information needed to make the Summary Judgment Motion:

        a)    a transcript of proceeding on May 15, 2009, which has been ordered.

        b)    response from the doctor pursuant to the only medical authorization received by defendants.

As soon as these pieces are either received, or in the case of the medical information, as soon as we ascertain whether or not plaintiff's doctor will provide the authorized information, we will alert the Court that a briefing schedule will be possible.

        Respectfully submitted,

        */s/ Cynthia A. Kouril*
        Cynthia A. Kouril  (CAK4899)

CAK:rq

cc:    Robert Novak
        UPS Tracking No. 1Z F08 A 49 22 1002 3783