# ROBERT L FOLKS & ASSOCIATES, LLP
## ATTORNEY AT LAW

510 Broad Hollow Road, Suite 304A
Melville, New York 11747

**ROBERT L. FOLKS**
**CYNTHIA A. KOURIL**

(631) 845-1900
Telecopier: (631) 845-8779

**THOMAS L. COSTA**
Of Counsel

December 10, 2009

Via Facsimile (631) 712-5725
Honorable William D. Wall
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Novak v. Active Window Publications, Inc., et al.*
               Index No. CV 01 3566

Dear Judge Wall:

       I have just received the fax letter from Mr. Novak suggests that Mr. Rosenstein's deposition be taken by remote means via "WebEx" with defedants suppying office space, equipment and internet access.

       As you are aware it is the responsibility of the party taking the deposition to pay <u>all</u> recording costs. Rule 30(b) (3). Therefore it would be Mr. Novak's obligation to provide the webcam and computer and internet access necessary to accomplish his proposal.

       Additionally, I would not be on Long Island for the deposition, I would have to be in Boston and available to my client, so there would not be any cost savings for the defense.

       Further, considering the special obligation relating to depositions taken other then by court stenographer, I seriously question whether any *pro se* litigant can be expected to accomplish the procedural requirements, absent the help of an experience litigation support consultant such as DOAR. <u>See</u>, Rule 30(b) (5).

       I have perused the "WebEx" website and spoken to their customer support person and I question whether it provides for "recording" in the sense suggested by the Federal

Rules. For example who would be the "officer" as required under Rule 28? And how will the requirements of Rule 30 (b) (5) (b) be accomplished? How will the requirements of 30 (f) be satisfied?

Mr. Novak does not make provision for the "officer" to record the deposition by stenographic or other means. His suggestion implies that he intended to make the recording himself, which is clearly violation of the Federal Rules. Nor does his suggestion does not provide for delivery of a set of exhibits to the deposition venue.

I do not know of any requirements that Defendant be forced to host or provide a venue for the deposition, so Mr. Novak's assumption that Mr. Rosenstein's office is a proper venue for the deposition does not take into account the disruption this may cause to the work to be performed in that office.

The court can obviously compel Mr. Rosenstein's to attend the deposition, but I don't think any showing has been made by Plaintiff that would support the court's ordering Active Window Production, Inc. to shut down its business for the day. Mr. Rosenstein's office is not large, nor is it a suite. I do not understand how the person covering for Mr. Rosenstein would be able to conduct Active Window's business with a deposition going on in the same room.

Lastly, Mr. Rosenstein proposal would NOT save the Defendant the cost of defense counsel travelling to Boston. Defendants have produced over 5,000 pages of emails, voluminous financial records and scores of computer graphics. Given the truncated time frame, it will be impossible for me to review all of these documents with Mr. Rosenstein by phone. It took weeks and weeks of labor to assemble, bate stamp, priviledge log, copy and bind all of those documents. Right now the only complete set, other than that delivered to Plaintiff, is my office set. It would take too long to reproduce and ship it to Mr. Rosenstein and document review by phone is more confusing and time consuming than when both people are looking at the same page. Either way, I'm going to have to travel to Boston to prep and to defend this deposition.

While Defendants realize that that WebEx —with its free 14 day trial offer— may seem more convenient to Mr. Novak and will surely save him some money, apparently since he believes he can push off venue and equipment costs onto defendants, it will not reduce Defendant's costs at all.

The party wishing a deposition by remote means bears the initial burden of establishing a legitimate need for it. Braun v. Carr, 236 FRD 311 (SD Tex 2006). Saving the noticing party money by pushing off expenses onto the deposed party, hardly meets that standard, and is especially egregious in a situation where the defense has counterclaimed that the entire purpose of this suit is to force the defense to spend as much money as possible defending this case.

Further, if the method suggested "would not reasonably ensure accuracy and trustworthiness" permission should not be grated. Advani v. Underwriters at Lloyds,

2000 WL 1568255 (SDNY 2000). The method suggested by Mr. Novak does not comply with the requirement for an officer to administer the oath in the physical presence of the witness, does not provide for the officer, or a non-party under the officer's direction to record the deposition stenographically or by other means, and fails to comply with the requirements of the Federal Rules of Civil Procedure.

Other Matters

There are three other matters which I had intended to bring up during the conference call:

- The appointment of a referee to make rulings and ensure that the deposition is conducted in accordance with the Rules of Civil Procedure

- Instruction by the court to Mr. Novak about the obligations of the party noticing the deposition with respect to arranging for a suitable location for the deposition, the means for recording the deposition stenographically or otherwise, and for providing an "officer" to administer the oath and supervise the recording of the deposition by whatever means.

- Advance written notice of the actual location (address) of the deposition site. I have concerns about being able to get a hotel room nearby, on short notice during the holiday season.

Mr. Rosenstein can be available on Monday, December 21st, which is advance of Mr. Novak's stated vacation plans.

Respectfully submitted,<br>
*Cynthia Kouril*<br>
Cynthia Kouril (4899)<br>
ROBERT L. FOLKS & ASSOCIATES, LLP<br>
Attorneys for defendants<br>
Mark Rosenstein and<br>
Active Window Productions, Inc.

Cc: Robert Novak via Facsimile